■ MIKE DI SISTO, Respondent, v LOIS MESSENGER et al., Appellants, et al., Defendant.—In an action to recover damages for breach of contract and to foreclose a mechanic's lien, the defendants Lois Messenger and James Messenger appeal from a judgment of the Supreme Court, Westchester County (Zeck, J.H.O.), entered June 15, 1989, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $22,826.26, awarded the plaintiff a judgment of foreclosure on his mechanic's lien, and dismissed the appellants' counterclaims.

Ordered that the judgment is affirmed, with costs.

It is well settled that the judgment of a court, rendered after a nonjury trial, should not be disturbed on appeal unless its determination could not have been reached under any fair interpretation of the evidence (see, Alleva v Alleva Dairy, 129 AD2d 663). This is especially so where the court's determination rests largely upon its assessment of the credibility of witnesses (see, Matter of Poggemeyer, 87 AD2d 822) which it has heard and seen first hand (see, Altman v Wallach, 104

AD2d 391). In this case, we find that the evidence supported the court's conclusions that the plaintiff had yielded supervisory control of his laborers to the defendant James Messenger, and that accordingly, the appellants were not justified in terminating the parties' oral construction contract based upon the laborers' alleged negligent performance.

For the same reason, the court correctly dismissed the appellants' counterclaims for the costs of alleged remedial repairs undertaken by them. At the trial, a preponderance of evidence established that the plaintiff general contractor supplied labor and materials under an oral agreement pursuant to which the defendant James Messenger, himself a plumbing contractor, was to supervise the renovation of the Messenger home. While the appellants demonstrated that the workmanship of the plaintiff's laborers was less than satisfactory, the evidence further established that James Messenger supervised the project on a daily basis and possessed the authority to discharge any laborer with whom he was dissatisfied. As the plaintiff had surrendered control of his workers to James Messenger, who alone controlled their employment and the manner in which they performed their duties, the laborers became the special employees of him, who thus assumed liability for the employees' conduct *(see, Ramsey v New York Cent. R. R. Co.,* 269 NY 219; *Cameli v Pace Univ.,* 131 AD2d 419; *Brooks v Chemical Leaman Tank Lines,* 71 AD2d 405). Under such circumstances, the general employer, in this case the plaintiff, is not liable for the negligent performance of the contract by the special employees of the defendant James Messenger *(see, Irwin v Klein,* 271 NY 477; *Van Gorder v Eastchester Estates,* 207 Misc 335). Therefore, the appellants' counterclaims were properly dismissed.

We have reviewed the appellants' remaining contentions and find them to be without merit. Thompson, J. P., Kunzeman, Miller and Ritter, JJ., concur.