■ Geralyn Wesley, Appellant, v Long Island Power Authority et al., Respondents, and Catalytic, Inc., Also Known as Raytheon Construction, Inc., Defendant and Third-Party Plaintiff-Respondent. GTS Duratek, Third-Party Defendant-Appellant. [728 NYS2d 50] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated March 21, 2000, as denied her cross motion for summary judgment on the issue of liability on her cause of action pursuant to Labor Law § 240 (1), and the third-party defendant separately appeals from so much of the same order as denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the cross motion and the third-party defendant's motion are granted, and the third-party complaint is dismissed.

The defendant Long Island Power Authority (hereinafter LIPA) contracted with the third-party defendant, GTS Duratek (hereinafter GTS) to provide radiation technicians to assist with the decommission of the Shoreham Nuclear Power Station. The plaintiff was one of the technicians. Under the terms of the agreement, LIPA had control over the day-to-day activities of the GTS technicians and the right to dismiss any GTS workers from the project at its discretion. LIPA also conducted safety meetings at the plant, and required all subcontractors to comply with LIPA policies and procedures. LIPA also contracted with the defendant third-party plaintiff, Catalytic, Inc. (hereinafter Catalytic), *inter alia*, to construct all of the scaffolding required to complete the job. The plaintiff allegedly fell from a scaffold ladder built by Catalytic as she was descending it, sustaining injuries. After she fell, she and her co-workers noticed for the first time that the ladder had been made from two pieces, and that the bottom portion of the ladder had slipped down approximately two inches, increasing the space between the rungs immediately above and below the junction. The plaintiff testified at her deposition that because of the separation, the rung was not where she had expected it to be when she had stepped, causing her to fall. LIPA's independent investigation of the accident also concluded that the inadequate construction of the ladder was a cause of the accident. The plaintiff brought this action seeking, *inter alia*, recovery pursuant to Labor Law § 240 (1), and Catalytic brought the third-party action seeking contribution and/or indemnification from GTS.

The plaintiff's uncontroverted submissions were sufficient to establish that she fell as a result of the defective condition of the ladder which had been provided for her use, thus establishing a prima facie case entitling her to summary judgment on the issue of liability on her Labor Law § 240 (1) cause of action (*see, Tworek v Mutual Hous. Assn.,* 279 AD2d 469). In opposition, Catalytic did not raise a triable issue of fact. GTS is also entitled to summary judgment dismissing the third-party complaint. The plaintiff was engaged in the common and ordinary activity of descending a ladder at the time she was injured, precluding liability for a failure to train, instruct, supervise, or direct her performance of that activity (*see, Hernandez v Board of Educ.,* 264 AD2d 709, 710). In addition, GTS cannot be held

liable for the plaintiff's negligence pursuant to the doctrine of respondeat superior, because the authority to control the plaintiff's work rested with LIPA under its contract with GTS (*see, Di Sisto v Messenger,* 176 AD2d 249, 250). Santucci, J. P., Goldstein, Luciano and Adams, JJ., concur.