■ Deborah Visken, Appellant, v Oriole Realty Corp. et al., Respondents, et al., Defendants. [759 NYS2d 523] —In an action, inter alia, to recover damages for illegal eviction, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), dated April 12, 2002, which granted the

motion of the defendants Oriole Realty Corp. and Elliot Kalman for summary judgment dismissing the complaint insofar as asserted against them, and denied her cross motion for summary judgment on the issue of liability against those defendants.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the motion which were for summary judgment dismissing the third and fourth causes of action insofar as asserted against the defendants Oriole Realty Corp. and Elliot Kalman, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements, and the third and fourth causes of action are reinstated insofar as asserted against those defendants.

The plaintiff was the subtenant of a holdover month-to-month tenant of commercial space in a building owned by the defendant Oriole Realty Corp. (hereinafter Oriole) of which the defendant Elliot Kalman is a principal. The prime tenant vacated the space on November 1, 1993. The provisions of the original lease, which were binding on the prime tenant as a holdover tenant (*see Lynch v Savarese,* 217 AD2d 648 [1995]) and binding on the plaintiff when she was a sublessee of the prime tenant (*see Mann Theatres Corp. of Cal. v Mid-Island Shopping Plaza Co.,* 94 AD2d 466 [1983], *affd* 62 NY2d 930 [1984]), provided that, upon nonpayment of rent, the landlord could re-enter the premises "by force or otherwise."

The plaintiff claims that after the prime tenant vacated the premises, Elliot Kalman agreed to let the plaintiff stay, rent-free, until June 1994. The plaintiff acknowledged that she never paid rent to Oriole or Kalman. According to the plaintiff, she asked Kalman if she could stay until September 1, 1994, and he told her she could not. The plaintiff alleges that thereafter the superintendent proceeded to engage in a pattern of harassment, including spraying the plaintiff with mace and locking her in the building.

No landlord-tenant relationship existed between the plaintiff and Oriole and Kalman. Therefore, Real Property Law § 235-d, which prohibits a landlord or a person acting on its behalf from engaging in a course of conduct intended to cause a tenant to vacate the premises, is inapplicable. Since the plaintiff was a mere licensee or "squatter," Oriole, as owner, had an owner's common-law right to oust her without legal process (*see P & A Bros. v City of N.Y. Dept. of Parks & Recreation,* 184 AD2d 267, 268 [1992]). Further, "[t]he law permits a commercial landlord to reserve" the right to re-enter the property after

termination of the lease or nonpayment of rent "if the reentry can be effected peaceably" (*Matter of 110-45 Queens Blvd. Garage v Park Briar Owners,* 265 AD2d 415 [1999]; *Bozewicz v Nash Metalware Co.,* 284 AD2d 288 [2001]). Accordingly, the plaintiff's first cause of action, alleging unlawful eviction, her second cause of action, alleging utility shut-offs, and her fifth cause of action, alleging violation of· Real Property Law § 235-d, were properly dismissed against Oriole and Kalman.

The third cause and fourth causes of action allege forcible conduct, which is not permissible (*see Matter of 110-45 Queens Blvd. Garage v Park Briar Owners, supra*). Contrary to the determination of the Supreme Court, the fact that the alleged conduct was perpetrated by Oriole's superintendent, Zygmune Malgowski, does not necessarily absolve Oriole and Kalman of liability. The plaintiff alleges in her complaint that the superintendent was an employee and/or an independent contractor. There are issues of fact as to whether the superintendent was an employee, and, if he was an employee, whether he was acting within the scope of his employment when he allegedly engaged in the conduct (*see Jaccarino v Supermarkets Gen. Corp.,* 252 AD2d 572 [1998]; *Patterson v Khan,* 240 AD2d 644 [1997]).

However, there is no evidence in the record that Oriole or Kalman acted negligently in hiring, supervising, or retaining the superintendent, since there is no showing that they knew of any particular facts or circumstances which would lead a reasonably prudent person to investigate the superintendent's propensities (*see Manno v Mione,* 249 AD2d 372 [1998]), nor has the plaintiff alleged a basis for imposing liability for failure to train, instruct, supervise, or direct his performance (*see Wesley v Long Is. Power Auth.,* 284 AD2d 391, 392 [2001]). Accordingly, the sixth cause of action alleging negligence was properly dismissed against Oriole and Kalman.

The parties' remaining contentions are without merit. S. Miller, J.P., Goldstein, Cozier and Mastro, JJ., concur.