OPINION OF THE COURT
Memorandum.
Final judgment unanimously affirmed without costs.
To resolve a prior summary proceeding which sought his eviction, appellant herein, while represented by counsel, entered into an agreement which required him to find alternate housing and obligated him to attend all interviews set up with other agencies in an attempt to find such housing. He further agreed that if he breached the agreement, petitioner could terminate his admission agreement and commence a summary proceeding to evict him. Appellant missed one interview, but rescheduled it after being contacted by petitioner. However, appellant decided not to attend the rescheduled interview and he made no further attempt to reschedule it or alert anyone that he was not attending the interview. This summary proceeding ensued.
“Stipulations of settlement are favored by the courts and not lightly cast aside” (Hallock v State of New York, 64 NY2d 224, 230 [1984]). As a result, “[o]nly where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation” (id.). Inasmuch as appellant “failed to establish that at the time of the stipulation of settlement he was suffering from a mental illness or defect which rendered him incapable of comprehending the nature of the transaction or making a rational judgment concerning the transaction, or that by reason of mental illness he was unable to control his conduct” (Lukaszuk v Lukaszuk, 304 AD2d 625, 625 [2003] [emphasis added]), appellant is bound by the agreement into which he entered (Hallock, 64 NY2d at 230).
*12 To the extent appellant contends, for the first time on appeal, that he was entitled to a 30-day notice because he was a month-to-month tenant rather than the 10-day notice he received as part of this licensee proceeding, he is mistaken. The parties’ admission agreement explicitly stated that petitioner granted appellant a license and that a landlord-tenant relationship was not created. However, if the nature of the parties’ relationship satisfied the requirements for the existence of a landlord-tenant relationship, this court is not obligated to accept the parties’ characterization that appellant was a licensee rather than a tenant (see 1 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 4:1, at 170-173 [4th ed]). Here, the fact that the admission agreement permitted appellant to reside in petitioner’s premises, but did not grant him exclusive dominion and control over a specifically identified portion of petitioner’s premises, is dispositive inasmuch as exclusive possession and control of specified real property is essential to the existence of a landlord-tenant relationship (see id. at 173). Moreover, the admission agreement indicated that the appellant’s residence in petitioner’s premises was part of a package of services provided to appellant, among others, and such services were not merely incidental to appellant’s residence at the premises. In light of the foregoing, it is apparent to us that appellant was a licensee rather than a tenant (see e.g. 1 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings §§ 4:1-4:2, at 170-173 [4th ed]). As a result, petitioner’s use of a 10-day notice was sufficient (see RPAPL 713 [7]). The fact that the petition denominated the proceeding as a holdover rather than a licensee proceeding is not controlling inasmuch as the petition further specified that the proceeding was being commenced pursuant to RPAPL 713 and it identified the respective parties as licensor and licensee (see United Veterans Beacon House v St. James, 1 Misc 3d 130[A], 2003 NY Slip Op 51592[U] [App Term, 9th & 10th Jud Dists 2003]).
Appellant’s remaining contentions lack merit or do not warrant a different result. Accordingly, the final judgment awarded to petitioner is affirmed.
McCabe, P.J., Covello and Tanenbaum, JJ., concur.