■ CLAUDIA COPPA, Appellant, v BRUNO LaSPINA et al., Respondents. [839 NYS2d 780]—

In an action for a judgment declaring that the plaintiff's waiver of certain due process rights secured to her by, inter alia, 42 USC §§ 11381-11389 is void, to enjoin the defendants from denying the plaintiff access to certain premises, and to recover damages for unlawful eviction, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), dated August 2, 2005, as granted that branch of the defendants' motion which was, in effect, for summary judgment dismissing the plaintiff's claims for injunctive relief and to recover damages for unlawful eviction, and, in effect, for summary judgment declaring that the plaintiff's waiver of certain due process rights secured to her by, among other things, 42 USC §§ 11381-11389, is valid, and denied that branch of her cross motion which was, in effect, for summary judgment dismissing the counterclaim of the defendant Transitional Services of New York for Long Island, Inc., to recover the value of certain services provided to her.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff's waiver of certain due process rights secured to her by, inter alia, 42 USC §§ 11381-11389, is valid.

The defendant Transitional Services of New York for Long Island, Inc. (hereinafter TSLI), is a not-for-profit corporation. The defendant Bruno LaSpina is the CEO of and counsel to TSLI. TSLI provides mentally ill homeless adults with housing and rehabilitative services. TSLI is financed, in part, by federal grants that are made pursuant to the Stewart B. McKinney Homeless Assistance Act's Supportive Housing Program (hereinafter the Supportive Housing Program) (see 42 USC §§ 11381-11389).

In January 1999 the plaintiff, who was a 62-year-old woman suffering from depression, and who had recently become homeless, was accepted into one of TSLI's programs. She was then "placed" in a TSLI-owned house that was located in Central Islip, Suffolk County, which she was required to share with two other program participants.

In order to gain acceptance into this particular program, the plaintiff signed a "housing agreement" with TSLI, which required her to, among other things, pay TSLI certain "program fees." In that agreement she also agreed that she would not allow certain people to reside with her or have certain visitors, she would allow TSLI's staff into her living area under certain circumstances, and she agreed to do and refrain from doing various things in the house.

As another condition of acceptance into the program, the plaintiff, who according to LaSpina had a history of being "litigious and uncooperative," also signed a written waiver, in which she indicated that she was "knowingly and willingly waiv[ing] all statutory and/or regulatory relief or defenses regarding eviction and/or discharge from [the] program." In this regard, the Supportive Housing Program requires agencies such as TSLI to afford their program participants a measure of due process before excluding them from their housing (*see* 42 USC § 11386 [j]).

In January 2000 LaSpina determined that the plaintiff was creating a dangerous condition in the house. A few weeks later, he had the house's locks changed when the plaintiff was out because the plaintiff had been told about the hazards that she was causing for herself and her housemates, and she had failed to correct the condition.

The plaintiff then commenced the instant action against LaSpina and TSLI, seeking various relief. In relevant part, she sought a judgment declaring that "any waiver by [her] of her due process rights" was "void." She also sought a permanent injunction, in essence, enjoining the defendants from denying her access to the house. Finally, she set forth a claim to recover damages for unlawful eviction.

After several years of litigation, which included a hearing on a motion for a preliminary injunction that was denied, the defendants LaSpina and TSLI moved, inter alia, in effect, for summary judgment dismissing the plaintiff's claims for injunctive relief and to recover damages for unlawful eviction, and, in effect, for summary judgment declaring that the plaintiff's waiver of certain due process rights secured to her by the Supportive Housing Program was valid (*see M. W. Zack Metal Co. v International Nav. Corp. of Monrovia*, 67 NY2d 892, 895 [1986]; *Rosenthal v Village of Quogue*, 205 AD2d 745, 745-746 [1994]). In the resultant order, the Supreme Court, inter alia, granted those branches of the defendants' motion. The sole basis for the court's determination was that the plaintiff did not have an "implied right of action" under the Supportive Housing Program (*see gener lly Cort v Ash*, 422 US 66, 78 [1975]). The plaintiff appeals from this order, and we affirm.

Although the Supreme Court failed to address the issue, which was placed before it on the defendants' motion, we nevertheless find that the evidence submitted in support of and in opposition to that motion shows, as a matter of law, that the plaintiff's waiver of her due process rights under the Supportive Housing Program was valid. Initially, we find that contrary to the

plaintiff's assertion, those statutory rights were waivable (*see Matter of Abramovich v Board of Educ. of Cent. School Dist. No. 1 of Towns of Brookhaven & Smithtown*, 46 NY2d 450, 455 [1979], *cert denied* 444 US 845 [1979]; *Matter of Wilson v Jackson*, 161 AD2d 652, 653 [1990]; *see also Brooklyn Savings Bank v O'Neil*, 324 US 697, 704-705 [1945]). Furthermore, and contrary to the plaintiff's contention, when considering the waiver agreement's background, purpose, and effect (*see Sablosky v Gordon Co.*, 73 NY2d 133, 138 [1989]), it is clear that the agreement is not an unconscionable one. Finally, we note that there is no indication that the plaintiff lacked the capacity to enter into that agreement, or entered into it as a result of duress.

Thus, LaSpina and TSLI were entitled to summary judgment declaring that the plaintiff's waiver of her due process rights under the Supportive Housing Program was valid. In light of our conclusion, the issue of whether the plaintiff has an implied right of action under the Supportive Housing Program based on an allegedly improper deprivation of those rights has been rendered academic, and accordingly, need not be reached. Furthermore, since the plaintiff's claim for injunctive relief is based, in part, on an alleged violation of the Supportive Housing Program, and since the record clearly shows that no other basis exists for granting her that relief, LaSpina and TSLI were entitled to summary judgment dismissing that claim.

Additionally, the defendants were entitled to summary judgment dismissing the claim to recover damages for wrongful eviction. In this regard, contrary to the plaintiff's contention, the record shows, as a matter of law, that she was not a "tenant" (RPAPL 711), but rather, a mere licensee (*see American Jewish Theatre v Roundabout Theatre Co.*, 203 AD2d 155, 156 [1994]; *Federation of Orgs., Inc. v Bauer*, 6 Misc 3d 10, 12 [2004]). As such, LaSpina and TSLI could, and properly did, peaceably exclude her from the house without resort to legal process (*see Visken v Oriole Realty Corp.*, 305 AD2d 493, 494 [2003]; *Best v Samjo Realty Corp.*, 272 AD2d 188 [2000], *cert denied* 532 US 1026 [2001]; *P & A Bros. v City of N.Y. Dept. of Parks & Recreation*, 184 AD2d 267, 268 [1992]).

The plaintiff's remaining contentions are without merit or not properly before the Court.

Since this is, in part, a declaratory judgment action, the matter must be remitted to the Supreme Court, Suffolk County, for the entry of a judgment declaring that the plaintiff's waiver of certain due process rights secured to her by the Supportive Housing Program is valid (*see Lanza v Wagner*, 11 NY2d 317,

334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Schmidt, J.P., Skelos, Lifson and Covello, JJ., concur.