■ Roman Catholic Church of Our Lady of Sorrows, Respondent, v Prince Realty Management, LLC, Appellant. [850 NYS2d 569]—

In an action, inter alia, to recover damages for breach of a license and for trespass, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Price, J.), entered December 21, 2006, as granted the plaintiff's cross motion for summary judgment on the issue of liability on its first and second causes of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff church and the defendant are adjoining property owners. On August 19, 2005 the parties entered into an agreement by which the plaintiff granted the defendant a three-month license to use a three-foot strip of its property immediately adjacent to the defendant's property (hereinafter the licensed strip). The license specifically authorized the defendant to remove an existing chain link fence on the licensed strip and to "put up plywood panels surrounding the construction site, including the [licensed strip]." The license also required that the defendant, inter alia, restore the boundary line between the properties with a new brick fence. The plaintiff averred that the purpose of the license was to allow the defendant to erect a temporary plywood fence in order to protect the defendant's property during the construction of a new building. However, during the term of the license, the plaintiff's pastor observed the defendant install structures consisting of steel piles and beams on the licensed property. The plaintiff objected to the installation of these structures, and repeatedly demanded that they be removed. Although the defendant agreed to remove these structures, the plaintiff claims that it failed to do so.

The plaintiff subsequently commenced this action, inter alia, to recover damages for breach of the license and for trespass. The plaintiff thereafter cross-moved for summary judgment on the issue of liability on its first and second causes of action alleging breach of the license and trespass, respectively. In support of its cross motion, the plaintiff submitted an affidavit of its pastor, who averred that the defendant had breached the license by erecting permanent structures on the licensed property consisting of steel piles and beams. The plaintiff also relied upon documentary evidence which included correspondence between the parties relating to the formation of the license and the defendant's alleged breach thereof. In opposition to the cross motion, the defendant submitted evidence indicating that it removed the subject structures from the licensed property on or about November 17, 2005. The Supreme Court granted the cross motion, concluding that the plaintiff had made a prima

facie showing that structures were placed upon its property by the defendant in violation of the license, and that the defendant had failed to dispute the plaintiff's claim that it violated the agreement.

The Supreme Court properly granted the plaintiff summary judgment on its causes of action alleging breach of the license and trespass. "A license, within the context of real property law, grants the licensee a revocable non-assignable privilege to do one or more acts upon the land of the licensor, without granting possession of any interest therein" (*Ark Bryant Park Corp. v Bryant Park Restoration Corp.*, 285 AD2d 143, 150 [2001]; *see Greenwood Lake & Port Jervis R.R. Co. v New York & Greenwood Lake R.R. Co.*, 134 NY 435, 440 [1892]; *Kohman v Rochambeau Realty & Dev. Corp.*, 17 AD3d 151 [2005]; *Matter of Loren v Marry*, 195 AD2d 776 [1993]). "A license is the authority to do a particular act or series of acts upon another's land, which would amount to a trespass without such permission" (*Ark Bryant Park Corp. v Bryant Park Restoration Corp.*, 285 AD2d at 150-151, quoting 1 Dolan, Rasch's Landlord and Tenant—Summary Proceedings § 4:11, at 182 [4th ed]; *see Clifford v O'Neill*, 12 App Div 17 [1896]). Here, the evidentiary proof submitted by the plaintiff in support of its cross motion established that the license granted the defendant a privilege to use a three-foot strip of its land for specified purposes, primarily consisting of the temporary erection of wooden fencing to protect the defendant's property during construction of a building, the removal of an existing chain link fence, and the installation of a new brick fence upon completion of the license. The plaintiff also submitted uncontroverted evidence that the defendant installed structures consisting of steel piles and beams on the licensed strip of property. Contrary to the defendant's contention, the license did not permit it to install structures of this nature on the plaintiff's property. Moreover, in opposition to the establishment of a prima facie case for summary judgment, the defendant offered no proof that the installation of these structures was reasonably related to its licensed use of the property (*cf. Kaplan v Incorporated Vil. of Lynbrook*, 12 AD3d 410 [2004]; *Albrechta v Broome County Indus. Dev. Agency*, 274 AD2d 651 [2000]).

In addition, since the plaintiff established as a matter of law that the defendant violated the license by installing unauthorized structures on its property, the plaintiff also established as a matter of law that the defendant's installation of these structures constituted a trespass regardless of whether they were subsequently removed (*see State of New York v Johnson,*

45 AD3d 1016 [2007]; *Curwin v Verizon Communications [LEC],* 35 AD3d 645 [2006]; *Blakeslee v Punnett,* 48 AD2d 641 [1975]). Skelos, J.P., Santucci, Lifson and Carni, JJ., concur.