■ JOHN SCHMITT et al., Respondents, v CITY OF NEW YORK, Appellant. [857 NYS2d 192]—

In an action, inter alia, to recover damages for wrongful eviction, the defendant appeals, by permission, from an order of the Supreme Court, Queens County (O'Donoghue, J.), dated February 26, 2007, which contained a temporary restraining order directing it, among other things, to immediately restore the plaintiffs to possession of certain real property pending the hearing and determination of the plaintiffs' motion for a preliminary injunction.

Ordered that the order is reversed, on the law, with costs, and the temporary restraining order is vacated.

The temporary restraining order issued by the Supreme Court had the effect of undermining an order of this Court dated September 20, 2006, denying the plaintiffs' application for a stay of eviction pending hearing and determination of the appeal decided herewith (*see Matter of City of New York v Schmitt*, 50 AD3d 1033 [2008] [decided herewith]). Thus, the temporary restraining order must be vacated.

The plaintiffs contend that the temporary restraining order was valid to the extent that it enjoined the City from evicting them from certain additional property not subject to the order dated September 20, 2006. Contrary to this contention, the plaintiffs' factual showing in support of the temporary restrain-

ing order established that the purported additional property was, in part, federally-owned property to which they had no right of possession (*see United States v Schmitt*, 999 F Supp 317 [1998], *affd* 28 Fed Appx 63 [2002]), or adjacent City-owned property they occupied as squatters, from which the City had the right to oust them without legal process (*see Coppa v LaSpina*, 41 AD3d 756, 759 [2007]; *Visken v Oriole Realty Corp.*, 305 AD2d 493, 494 [2003]). Thus, the plaintiffs failed to establish the requisite showing in support of their application for a temporary restraining order (*see* CPLR 6301; *Coby Group, LLC v Hasenfeld*, 46 AD3d 593 [2007]; *Rodgers v Rodgers*, 30 AD2d 548, 549 [1968]). Moreover, the plaintiffs failed to show "immediate and irreparable injury" to establish entitlement to the temporary restraining order with respect to the additional property, upon which they had built no structures but were merely storing movable items of personal property (CPLR 6301). Mastro, J.P., Santucci, Dickerson and Belen, JJ., concur.