OPINION OF THE COURT
Memorandum.
Appeals from decisions dated April 1, 2005 and January 25, 2006, and from final judgment entered April 5, 2005 dismissed.
Amended final judgment entered January 27, 2006 reversed without costs and petition dismissed.
The appeal from the final judgment entered April 5, 2005 is dismissed as said judgment was superseded by the amended final judgment entered January 27, 2006. The appeals from the decisions are dismissed as no appeal lies from a decision (see Greenfield v Tassinari, 8 AD3d 529 [2004]).
This commercial holdover proceeding involves a building located on the corner of Beach 20th Street and Cornaga Avenue in Far Rockaway. The building has three stores on its first floor, which apparently have the addresses of 715, 717, and 719 Beach 20th Street. Appellant Numyal Food, Inc. claims that it holds a lease, with Cornaga Realty Corporation as the landlord, for the store located on the corner. Numyal’s 10-year lease, dated October 1995, describes the premises as number 717. Respondent Mohammed Sherhan claims that the address of the corner store is number 719, not 717, and that he holds a 30-year lease for number 719, dated December 1, 1989, also with Cornaga as the landlord. Sherhan alleges that, pursuant to his 30-year lease *42 for number 719, Numyal’s interest in the corner store is subordinate to Sherhan’s.
At trial, Numyal’s principal testified that Numyal’s lease was always for the corner store, never the middle store. Sherhan testified that Numyal’s lease was for the middle store, and that Sherhan simply let Numyal use the corner store. In their testimony, the parties’ references to the addresses were sometimes contradictory. Moreover, none of the Numyal rent receipts entered into evidence list the address as 719. Instead, they identify the address as either 717, 717A, or 715.
Nonetheless, all of the credible evidence in this case indicates that Numyal occupied the corner store from the very outset of its lease term, and that it never occupied the middle store. Sherhan was the managing agent for Cornaga, the owner of the building, and is the cousin of Cornaga’s president. At all relevant times, it was Sherhan who orchestrated the transactions at issue. It is undisputed that Numyal paid the rent as specified in its written lease agreement throughout its tenancy, although the parties testified that the middle store is smaller than the corner store. Moreover, during the term of Numyal’s tenancy, Sherhan arranged for the middle store to be leased to other tenants, and he offered no evidence that he sought Numyal’s permission for, or agreement to, those leases. Sherhan also collected the rent from Numyal, but he testified that he collected the rent only on Cornaga’s behalf, not his own. Sherhan did not explain why he did not offer a sublease to Numyal for the corner store, or charge a higher rent for that store, or why he was free to rent the middle store to other tenants.
After Cornaga defaulted on its taxes, Numyal, in 1998, purchased the entire building at a tax lien foreclosure sale. Sherhan, who had been named as a defendant in the foreclosure action, was not properly served in that action, and, by order dated January 16, 2001, the Supreme Court, Queens County, dismissed the foreclosure action as against Sherhan for lack of jurisdiction.
Subsequently, in 2001, Sherhan brought a commercial holdover proceeding against Numyal and the Dollar Store to recover possession of premises described as 717-719 Beach 20th Street. After a trial, that petition was dismissed without prejudice, based on the court’s finding that the evidence “with respect to the address designated to the building which petitioner possesses a lease for was both obscure and inconsistent,” and that Sherhan had failed to meet his burden of clearly establish *43 ing in which property he had a leasehold interest. The final judgment was affirmed by this court, which held that since the evidence established that the named respondents occupied two separate premises, each having a different address, Sherhan was required to bring two independent proceedings (Sherhan v Numyal Food, 3 Misc 3d 129[A], 2004 NY Slip Op 50374[U] [App Term, 2d & 11th Jud Dists 2004]).
In September 2004 Sherhan brought the instant holdover proceeding against Numyal only, for premises described as 719 Beach 20th Street. In the petition, Sherhan described Numyal as tenant. In an attached notice of termination, Sherhan asserted that he was “presently the holder of the valid and subsisting Lease” for number 719 and that “any Lease that you [Numyal] may have in your possession and/or control respecting the aforesaid premises, is subject to and subordinate to the interests of Mohammed Sherhan, the party and/or person who is entitled to possession of the property.”
By stipulation dated February 9, 2005, the parties agreed that the instant petition sought essentially the same relief as the prior holdover proceeding and that no additional testimony or evidence was required. Accordingly, the court below decided this case based upon the evidence adduced in the prior proceeding, as submitted by the parties.
In a decision dated April 1, 2005 the court below granted possession to Sherhan for the premises located at 719 Beach 20th Street, finding that Sherhan’s 30-year December 1, 1989 lease with Cornaga was “in full force and effect,” that Numyal’s October 1995 lease did not cover the premises sought in the proceeding, and that Numyal was in occupancy of 719 Beach 20th Street as a licensee. Accordingly, a final judgment was entered on April 5, 2005 awarding possession to Sherhan.
Subsequently, the court held a hearing to determine any outstanding use and occupancy owed to Sherhan. After the hearing, in a decision dated January 25, 2006, the court awarded use and occupancy to Sherhan in the amount of $41,666.64 for June 17, 2004 through February 16, 2006, and ordered Numyal to pay $2,083.33 per month, starting February 17, 2006. An amended final judgment was entered on January 27, 2006 awarding Sherhan possession and $41,666.64.
On appeal, Numyal argues that the court below erred in awarding possession to Sherhan. Numyal asserts that it has a valid lease for the corner store and that there has always been confusion about the correct street numbers for the vari *44 ous stores. Numyal does not appeal the level of use and occupancy set by the court below, but argues only that since the final judgment awarding Sherhan possession should be reversed, the use and occupancy hearing should never have been held. In response, Sherhan argues, among other things, that Numyal occupied the corner store as a licensee, not a tenant.
“A license, within the context of real property law, grants the licensee a revocable non-assignable privilege to do one or more acts upon the land of the licensor, without granting possession of any interest therein” (Roman Catholic Church of Our Lady of Sorrows v Prince Realty Mgt., LLC, 47 AD3d 909, 911 [2008] [internal quotation marks and citations omitted]). “Whether or not exclusive possession or control of any specific area is granted is of great importance in determining whether a license or a lease is constituted ... If [a contract] is for exclusive possession and profits of the land, it is a lease, not a license” (49 NY Jur 2d, Easements § 216; see also American Jewish Theatre v Roundabout Theatre Co., 203 AD2d 155, 156 [1994]; Federation of Orgs., Inc. v Bauer, 6 Misc 3d 10, 12 [App Term, 9th & 10th Jud Dists 2004]).
There was no evidence in this case that Numyal had only a license to perform one or more acts in the premises. Instead, the evidence indicates that, regardless of the address used, all of the concerned parties treated Numyal’s lease agreement as pertaining to the corner store. Numyal occupied the corner store from the outset of its lease and paid Cornaga the rental amount specified in its lease agreement. During the term of Numyal’s tenancy, Sherhan arranged for the middle store to be rented to other tenants. As managing agent, Sherhan was aware of and actively participated in all of the arrangements at issue in this case. Sherhan also testified that he collected the rent from Numyal for the corner store on Cornaga’s behalf. At all times, Numyal had exclusive authority to enter and control the premises, to operate its business there, and to collect the profits of that business. Thus, all of the credible evidence in this case indicates that Numyal occupied the corner store as a tenant, not as a licensee (see e.g. Coinmach Corp. v Harton Assoc., 304 AD2d 705 [2003]; Hi-Rise Laundry Equip. Corp. v Matrix Props., 96 AD2d 930 [1983]), and that Sherhan knowingly and actively assented to Numyal’s possession of the corner store as a tenant. In these circumstances, Sherhan cannot now be heard to assert that *45 Numyal did not have a valid 10-year lease for the corner store (see e.g. Hyatt v Clark, 118 NY 563 [1890]; Holm v C.M.P. Sheet Metal, 89 AD2d 229 [1982]).
Since Numyal’s lease had not terminated at the time the proceeding was commenced, the petition should have been dismissed. We pass on no other issue.
Pesce, PJ., Golia and Steinhardt, JJ., concur.