Starr v Akdeniz (2018 NY Slip Op 04589)





Starr v Akdeniz


2018 NY Slip Op 04589


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
VALERIE BRATHWAITE NELSON, JJ.


2016-05068
 (Index No. 12747/14)

[*1]Jon Starr, respondent, 
v
Abdullah Hakan Akdeniz, et al., appellants.


Law Offices of David P. Fallon, PLLC, Sayville, NY, for appellants.
Tor Jacob Worsoe, Jr., P.C., Holtsville, NY, for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, fraud, defamation, and "willful eviction," the defendants appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated April 18, 2016. The order, insofar as appealed from, denied those branches of the defendants' motion which were for summary judgment dismissing the first, second, and fourth causes of action and dismissing the third cause of action insofar as asserted against the defendant Abdullah Hakan Akdeniz.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action insofar as asserted against the defendant Yesim Akdeniz, the third cause of action insofar as asserted against the defendant Abdullah Hakan Akdeniz, and the fourth cause of action, and substituting therefor provisions granting those branches of the defendants' motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff allegedly entered into an oral partnership agreement with the defendant Abdullah Hakan Akdeniz (hereinafter Abdullah), under which the plaintiff and Abdullah were to establish and operate a bagel manufacturing plant under the name Big City Bagels, Inc. (hereinafter Big City Bagels), and share the profits equally. Big City Bagels was established, with Abdullah as the owner, but the plaintiff was never made a partner and did not receive half of the profits from the business.
The plaintiff subsequently commenced this action against Abdullah and his wife, the defendant Yesim Akdeniz (hereinafter Yesim), to recover damages for breach of contract, fraud, defamation, and "willful eviction." The defendants moved, inter alia, for summary judgment dismissing the complaint. In an order dated April 18, 2016, the Supreme Court granted that branch of the defendants' motion which was for summary judgment dismissing the third cause of action, alleging defamation, insofar as asserted against Yesim, and otherwise denied the motion. The defendants appeal.
The defendants failed to establish, prima facie, that the alleged oral agreement violated the statute of frauds. The statute of frauds concerns those agreements which, by their terms, [*2]"have absolutely no possibility in fact and law of full performance within one year" (D & N Boening v Kirsch Beverages, 63 NY2d 449, 454; see General Obligations Law § 5-701[a][1]; Radnay v Charge & Ride, 266 AD2d 194, 196). Here, although the alleged oral agreement was capable of an indefinite continuance, it could have been fully performed within a year of its making (see Cottone v Selective Surfaces, Inc., 68 AD3d 1038, 1040; Pugliese v Mondello, 57 AD3d 637, 639; Radnay v Charge & Ride, 266 AD2d at 196).
However, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the first cause of action, alleging breach of contract, insofar as asserted against Yesim, since the defendants established, prima facie, that Yesim was not a party to any alleged oral agreement between Abdullah and the plaintiff, and the plaintiff failed to raise triable issues of fact in opposition (see Moezinia v Ashkenazi, 105 AD3d 920, 921).
Contrary to the defendants' contention, the second cause of action, alleging fraud, was not duplicative of the breach of contract cause of action, since the plaintiff alleged that Abdullah promised to make him an equal partner to induce him to enter into the contractual relationship while harboring an undisclosed intent not to perform under the contract (see Sabo v Delman, 3 NY2d 155, 159-160; Neckles Bldrs., Inc. v Turner, 117 AD3d 923, 925. However, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the fraud cause of action insofar as asserted against Yesim, since the defendants established, prima facie, that Yesim did not make any misrepresentations to the plaintiff, and the plaintiff failed to raise a triable issue of fact in opposition (see Estate of Ebbitt v Bianchi, 107 AD3d 844; DiDomenico v Long Beach Plaza Corp., 60 AD3d 615, 617-618).
The Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing the third cause of action, alleging defamation, insofar as asserted against Abdullah. The plaintiff failed to comply with the pleading requirements of CPLR 3016(a) by failing to identify any persons to whom the allegedly defamatory statements were made (see CSI Group, LLP v Harper, 153 AD3d 1314, 1320; Raymond v Marchand, 125 AD3d 835, 836; Schwegel v Chiaramonte, 4 AD3d 519, 521; Gill v Pathmark Stores, 237 AD2d 563, 564).
Furthermore, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the fourth cause of action, alleging "willful eviction," which was predicated upon the allegation that the defendants compelled the plaintiff to leave the premises occupied by Big City Bagels, where they knew he had been residing. The defendants demonstrated, prima facie, that the plaintiff was not a tenant, and thus, could be peaceably excluded without resort to legal process (see Coppa v LaSpina, 41 AD3d 756; Visken v Oriole Realty Corp., 305 AD2d 493, 494). The plaintiff failed to raise a triable issue of fact in opposition.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have granted those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action insofar as asserted against Yesim, the third cause of action insofar as asserted against Abdullah, and the fourth cause of action, but properly denied those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action insofar as asserted against Abdullah.
BALKIN, J.P., AUSTIN, SGROI and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court