Daniel-Marie Chappuis, Petitioner-Respondent,
against
CUCS—The Kelly, Respondent-Appellant.



Respondent CUCS - The Kelly appeals from an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered on or about March 17, 2014, after a hearing, which granted petitioner's motion to be restored to possession.




Per Curiam.
Order (Jack Stoller, J.), entered on or about March 17, 2014, reversed, with $10 costs, and the matter remanded to Civil Court for a new hearing consistent with this decision.
Petitioner commenced this unlawful entry and detainer proceeding (see RPAPL 713[10]) after he was excluded from a federally-funded transitional housing program (see 42 USC §§ 11381-11389) operated by respondent CUCS - The Kelly because of his alleged pattern of disruptive behavior. After a hearing, Civil Court directed that petitioner be restored to the premises. Although the court made no finding as to the nature of petitioner's occupancy, the court directed that he be restored to possession because he was evicted by self-help without the due process protections required by federal regulations.
While we agree with Civil Court's finding that respondent failed to comply with the Code of Federal Regulations' due process requirements for "terminating assistance" to a participant in a federally-funded transitional housing program (see CFR § 578.91) - where formerly homeless individuals such as petitioner reside and receive support services - we nevertheless reverse and remand for a new hearing. We cannot make the necessary findings on this record as to whether petitioner was in actual or constructive possession at the time he was put out or kept out of the premises, which RPAPL 713(10) requires to maintain a forcible entry and detainer proceeding (see Andrews v Acacia Network, 59 Misc 3d 10 [2018] [App Term, 2d, 11th and 13th Jud Dists 2018] [Because such licensee was found not to "have 'possession,' he cannot maintain an unlawful entry and detainer proceeding"]), particularly in the absence of the "occupancy agreement" purportedly signed by petitioner that is mentioned, but not contained in the record (cf. Federation of Orgs., Inc. v Bauer, 6 Misc 3d 10 [2004] [App Term, 2d Dept 2004] [the terms of the "admission agreement" were dispositive as to the issue of whether petitioner was a licensee or tenant]). We therefore remand for a new hearing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur 
Decision Date: July 11, 2018