(128 App. Div. 862.)

### COHEN v. CARPENTER et al.

(Supreme Court, Appellate Division, Second Department. November 27, 1908.)

1. LANDLORD AND TENANT (§ 275*)—RE-ENTRY—LEGAL PROCEEDINGS.

A landlord, on breach of the tenant's lease, may make a peaceful reentry, if possible, without legal proceedings.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1167; Dec. Dig. § 275.*]

2. LANDLORD AND TENANT (§ 198*)—LEASE—BREACH OF TENANT—RE-ENTRY—EFFECT.

Where a landlord re-enters for the tenant's breach of the lease, the lease is at an end, and the tenant's covenant to pay rent is terminated.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 763; Dec. Dig. § 198.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3.** LANDLORD AND TENANT (§ 301*)—POSSESSION—SUMMARY PROCEEDINGS—PARTIES—"OR."

Where a landlord had entered for the tenant's breach of the lease and claimed possession, it was entitled to answer in summary proceedings by the tenant's agent to recover possession of a part of the premises from a subtenant under Code Civ. Proc. § 2244, providing that the person to whom the precept is directed or his landlord or any person in possession "or" claiming possession of the premises or a part thereof, may answer; the word, "or" being used in such section in its copulative and not in its disjunctive sense.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 301.*

For other definitions, see Words and Phrases, vol. 6, pp. 5002–5015; vol. 8, p. 7739.]

**4.** LANDLORD AND TENANT (§ 62*)—LANDLORD'S TITLE—ESTOPPEL TO DENY.

A tenant is not estopped to show that his landlord's title has expired.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 189; Dec. Dig. § 62.*]

**5.** LANDLORD AND TENANT (§ 306*)—SUMMARY PROCEEDINGS—INTERVENTION—PLEAS.

Where a landlord intervened in proceedings by the tenant to recover possession of a part of the premises from a subtenant, the landlord could establish the termination of the tenant's lease under its plea of re-entry.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 306.*]

**6.** COURTS (§ 190*)—MUNICIPAL COURT OF NEW YORK—APPEAL—PLEADINGS—OBJECTIONS NOT MADE AT TRIAL.

Where no objections to the pleadings were made in the trial court, the appellate court is required by Municipal Court Act (Laws 1902, p. 1583, c. 580) § 326, to render judgment without regard to technical errors or defects therein not affecting the merits.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

**7.** LANDLORD AND TENANT (§ 56*)—RE-ENTRY—POSSESSION.

Where a landlord re-entered for the tenant's breach of the lease, and thereafter a subtenant paid the rent reserved to the landlord, such subtenant's possession was the possession of the landlord.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 124, 125; Dec. Dig. § 56.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Abraham C. Cohen, as agent of Celia Cohen, against Frederick E. Carpenter and another. From a Municipal Court order in favor of plaintiff, defendants appeal. Order reversed. Appeal dismissed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

William R. Conklin, for appellants.

Clarence L. Barber, for respondent.

JENKS, J. This is an appeal from a final order in summary proceedings in favor of the landlord as petitioner, adjudging that there is $99 rent due, and that the petitioner have possession, and also from an order denying a motion to vacate and to set aside the final order. The petition was against Carpenter as tenant of an apartment in an apartment hotel. Carpenter filed an answer. The apartment hotel was owned by a corporation, which I shall term for convenience the "Realty Company." That corporation likewise filed

an answer, and the final order was made after a trial. It appears that the Realty Company made a lease dated October 31, 1907, to the petitioner (or rather to his principal) for five years from the 1st of that month. The defendant Carpenter then occupied an apartment at the rental of $33 a month. He paid his rental for November, 1907, to the petitioner. After that time he paid rent to the Realty Company. The lease, inter alia, provided that the petitioner should put the hotel in first-class condition and should pay the monthly rental reserved on the 15th of each month, and, if she failed to make the repairs or to pay the rent at the stipulated time, it should be lawful for the Realty Company to re-enter and to repossess. The issue tendered by the Realty Company was that the petitioner fell into arrears for the month of November, 1907, that the Realty Company demanded the rent without avail, that the petitioner failed to repair, that the Realty Company, by reason of these breaches of the covenants in the lease, re-entered the premises and repossessed itself of the same on November 30, 1907, and that it has ever since been in actual possession. The tenant denied that the petitioner was entitled to the rents for which she alleged he was in arrears, alleged on information and belief that the petitioner broke the lease to her from the Realty Company, and the said subsequent re-entry, repossession, and possession of the Realty Company. The appellants insist that the final order was erroneous, for the reason that the evidence was sufficient to show that the lease of the Realty Company to the petitioner had terminated on November 30, 1907, by the re-entry and repossession, and that the learned court erred in excluding certain evidence which bore upon the question of such a termination. The respondent contends that, in any event, the Realty Company could not re-enter for failure of the petitioner to pay rent, but that its remedy was limited to ejectment and, perhaps, summary proceedings.

We are cited to the judgment in Michaels v. Fishel, 169 N. Y. 381, 62 N. E. 425. But I do not read the judgment therein as denying the right of a landlord to make a peaceful re-entry without any legal proceedings. The question in that case was as to the legal procedure to be taken under the re-entry clause, and, as stated by Vann, J., who wrote for the court, it was:

"Does this mean only a re-entry in its technical sense as known to the common law, or does it also include the removal of the lessee by summary proceedings?"

I find nowhere in the judgment any expression which denies the legality of the step alleged to be taken by the Realty Company in this case, and, on the other hand, the learned judge in the course of his discussion says: .

"In 1846 'distress for rent' was abolished in this state, but the remedy of re-entry still survives and is well known to the common law. Laws 1846, p. 369, c. 274. It can be exercised only when the right is expressly reserved in the lease, for without such reservation the remedy of the lessor under the lease and independent of the statute is confined to an action on the covenant. The method of exercising the right is by an action of ejectment to recover possession of the demised premises. At common law the right to re-enter, *except when entry can be made without force,* is simply the right to main-.

tain ejectment, and we find no statute which has changed the rule." (The italics are mine.)

Moreover, the court in its later judgment in McCready v. Lindenborn, 172 N. Y. 400, 65 N. E. 208, recognized this right of entry. In that case it was conceded that, without resorting to force or to legal proceedings, the owner took possession under the clause of the lease relating to re-entry, and the court said:

"When the plaintiff re-entered under the defeasance clause, no further rent, as such, could accrue, for the lease proper was at an end, and the relation of landlord and tenant no longer existed. Hall v. Gould, 13 N. Y. 127; Michaels v. Fishel, 169 N. Y. 381, 387, 62 N. E. 425."

I think that there was such right of re-entry as is contended for in this case. Authorities supra, and see Hyatt v. Wood, 4 Johns. (N. Y.) 150–158, 4 Am. Dec. 258, cited as authority in Wood v. Phillips, 43 N. Y. at 156; Van Rensselaer v. Jewett, 2 N. Y. 141; Bliss v. Johnson, 73 N. Y. 529–534; Cooley on Torts, p. 76; Alexander v. Griswold (Com. Pl.) 17 N. Y. Supp. 522; Lace's Case, 4 City H. Rec. (N. Y.) 158. A lawful re-entry by the lessor for breach of the covenant to pay the rent would have terminated the lease. Harding v. Austin, 93 App. Div. 564, 87 N. Y. Supp. 887; McCready v. Lindenborn, supra; McAdam on Landlord & Tenant, p. 624.

I think that the Realty Company had the right to answer in this proceeding and to be heard upon the issue raised. It was one who was in possession or who claimed possession (section 2244 of the Code of Civil Procedure), and its tender of such issue was within the purview of that section. See, too, McAdam on Landlord and Tenant (2d Ed.) vol. 3, p. 170. The word "or," as used in this section of the Code in connection with those who can answer, is used in its copulative and not its disjunctive sense. Assuming that Carpenter attorned by the payment of the rent for November, 1907, to the petitioner, the rule that a tenant cannot dispute his landlord's title does not apply, for the estoppel of the tenant simply exists so long as the title exists as it was when the tenancy began, and hence the rule does not prevent the tenant from showing the expiry of the title. Despard v. Walbridge, 15 N. Y. at 377, citing Jackson v. Rowland, 6 Wend. 666–670, 22 Am. Dec. 557. See, too, Hetzel v. Barber, 69 N. Y. 1–15. Certainly the Realty Company could establish the termination of its lease to the petitioner under its plea that it made a re-entry.

Criticism is made that the allegation of the tenant that the lessee of the Realty Company "broke the terms of said lease" is a conclusion of law. This allegation is made in connection with the statement of re-entry and re-possession and continued possession of the Realty Company. It does not appear that any objection to the pleadings was raised in the Municipal Court, and this court must render judgment without regard to technical errors or defects which do not affect the merits. Section 326 of the Municipal Court Act (Laws 1902, p. 1583, c. 580). See, too, Tifft v. Tifft, 4 Denio, 175.

The point is made that the Realty Company had not possession of Carpenter's apartment; but, if it showed title as owner and posses-

sion under, the presumption is that any other occupant at the time was in subordination to it. Moreover, it appears that Carpenter, after the alleged repossession by the Realty Company, paid rent to it. It certainly was material to show that the petitioner did not pay the rental reserved under the lease, and any inquiry to reveal such default should not have been excluded.

I think that the order should be reversed, with costs, and a rehearing should be had. The appeal from the order should be dismissed, without costs. All concur.

---

(128 App. Div. 796.)

### In re MANOCA TEMPLE ASS'N.

(Supreme Court, Appellate Division, Third Department. November 25, 1908.)

1. CORPORATIONS (§ 282*)—DIRECTORS—ESTOPPEL TO DENY ELIGIBILITY.

Where the fact that persons elected as directors were not stockholders was apparently known to all the stockholders at the time of election, their eligibility cannot be questioned by the stockholders for the purpose of defeating a petition filed by the directors for dissolution of the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1191; Dec. Dig. § 282.*]

2. CORPORATIONS (§ 289*)—DIRECTORS—REDUCTION IN NUMBER.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1240–1245; Dec. Dig. § 289.*]

3. CORPORATIONS (§ 291*)—DIRECTORS—REDUCTION IN NUMBER.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 291.*]

4. CORPORATIONS (§ 621*)—DISSOLUTION—TEMPORARY RECEIVER—NOTICE.

On petition for the voluntary dissolution of a corporation, a temporary receiver should not have been appointed without a hearing of those parties, at least, who represented the larger interests, both of the stockholders and of the creditors.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2461–2471; Dec. Dig. § 621.*]

Chester, J., dissenting.

Appeal from Trial Term, Tioga County.

Petition by Charles O. Hoagland and others for the voluntary dissolution of the Manoca Temple Association. Upon this petition, which was upon notice to the Attorney General, an order was made pursuant to Code Civ. Proc. § 2423, appointing a temporary receiver, and requiring all persons interested to show cause why the corporation

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes