OPINION OF THE COURT
Larry J. Rosen, J.
Petitioner brings this special proceeding against respondent pursuant to RPAPL 853 seeking to recover treble damages pursuant to that section. Respondent has interposed counterclaims and defenses. Trial, without jury, was held and was concluded on October 9,1986.
The court finds that on or about September 1, 1985, the petitioner entered into a written one-year lease agreement with respondent’s predecessor in title to premises commonly *1098 known as 666 State Street, Albany, New York (1st floor). From said date the petitioner continuously remained in possession. Sometime in March 1986, respondent purchased the property, said purchase being subject to the aforementioned lease agreement. Petitioner was informed that he had a new landlord and, in fact, paid the April 1986 rental in two installments to respondent by placing said payments into respondent’s mailbox at the latter’s residence. On or about May 2, 1986, a note was left for petitioner by respondent (petitioner’s exhibit No. 2 in evidence) stating, inter alia, "The full amount of rent is due by the 5th of the month”. Rental for May 1986 was not paid and on May 9, 1986, the petitioner found that the door to the apartment in question had been padlocked by the respondent. An unfortunate and escalating chain of events was thus triggered, which included a May 13, 1986 re-entry by petitioner by use of a locksmith and a further note from respondent to petitioner indicating, in substance, that should petitioner attempt entry, he would be arrested. Petitioner further testified without contradiction that his personal belongings, such as they were, had been removed by respondent landlord during this period of time from the interior of the premises to an outer enclosed porch.
Further findings of fact made by the court include that on or about May 15, 1986, petitioner was indebted to Niagara Mohawk in the amount of approximately $900 for the apartment in question and that telephone service to the apartment of petitioner was discontinued for nonpayment or or about May 5, 1986.
The threshold determination to be made by this court is whether the fact pattern in the instant case makes out a prima facie violation of RPAPL 853. This section states "If a person is disseized, ejected, or put out of real property in a forcible or unlawful manner, or, after he has been put out, is held and kept out by force or by putting him in fear of personal violence or by unlawful means, he is entitled to recover treble damages in an action therefor against the wrong-doer.” Since the written lease in this case allows reentry by landlord after a rental default (said default occurring in the instant case), Pine Hill Assoc. v Malveaux (93 Misc 2d 63) is pertinent. On page 64, the applicable substantive law is stated "Where provided for in the lease, peaceable reentry by landlord is permissible where the tenant has failed to pay the rent when due (see Fults v Munro, 202 NY 34; Michaels v *1099 Fishel, 169 NY 381; Cohen v Carpenter; 128 App Div 862; Ajax Wrecking & Lbr. Co. v Baker, NYLJ, April 21, 1977, p 12, col 4; 2 Rasch, NY Landlord and Tenant 2d ed, § 734.) However, this being a common-law right, the landlord must first make a demand for the rent.” Therefore, the further question arises as to whether notice was given petitioner. The court finds that petitioner’s exhibit No. 2 in evidence, together with respondent’s testimony, constitutes sufficient notice to petitioner that rental was being demanded by respondent. Petitioner never did make the payment of rent for May 1986. The court is further persuaded by the evidence that petitioner had made an independent determination, prior to the padlocking herein, to cease residing in the premises. The court finds that petitioner was in the process of vacating the premises, as evidenced by the condition of the premises and the utility arrearages, prior to the padlocking.
In the final analysis the court must conclude, however, reluctantly, that petitioner’s removal from the property, under the circumstances at bar, was not "forcible” or "unlawful” as such is understood by RPAPL 853.
The court wishes to make crystal clear that it is not condoning, per se, the padlocking of a tenant from a residence by a landlord when a written lease allows such self-help after a default. The holding of this court is thus strictly limited to the factual pattern found. The court specifically finds that when a landlord and tenant of relatively equal bargaining power enter into a written lease allowing reentry by landlord if a default in rent occurs and such default does occur, notice is given to tenant and the default is not cured, and prior to the default the tenant has evidenced an independent intention to vacate the premises, then in such a case a reentry and placing out of tenant cannot be held to be unlawful pursuant to RPAPL 853. This court can, however, envision situations where a padlocking would, in fact, be unlawful pursuant to section 853 and all residential landlords would be well advised to utilize the provisions of RPAPL article 7 governing summary proceedings rather than self-help even when authorized by a lease.
Finally, the court finds insufficient evidence to support any of the counterclaims interposed by respondent.
Claims and counterclaims dismissed, without costs, to either party against the other.