■ In the Matter of JOVANA SPAGHETTI HOUSE, INC., Doing Business as THE ORCHARD RESTAURANT, Appellant, v HERITAGE COMPANY OF MASSENA et al., Respondents.—Mercure, J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered January 27, 1992 in St. Lawrence County, which dismissed petitioner's application, in a proceeding pursuant to RPAPL article 7, to recover possession of real property.

In April 1990, petitioner, as lessee, and respondent Heritage Company of Massena (hereinafter respondent), as lessor, entered into a written agreement for the lease of retail premises to be operated as a restaurant in respondent's shopping center. Under the terms of the lease, petitioner was to pay annual rent of $60,000, payable in monthly installments of $5,000, and additional rent, including a percentage rent equal to 6% of petitioner's gross profits in excess of $1.2 million. From the time petitioner commenced operation of its restaurant in November 1990, because of what it characterizes as a "bonafide dispute" over respondent's failure to proceed with the anticipated construction of a hotel in close proximity to petitioner's leased premises, petitioner limited its monthly rental payments to $5,000 and paid no additional or percentage rent. As a result, respondent advised petitioner that it was in default under the terms of the lease and, on December 3, 1991, served upon petitioner a notice of termination of the lease and demand that petitioner surrender possession of the leased premises. During the early morning hours of December 5, 1991, respondent's manager entered upon the premises and, after determining that no one was present, padlocked the doors to petitioner's restaurant and placed a temporary barri-

cade in front of the main entrance to the restaurant. Petitioner then commenced this summary proceeding pursuant to RPAPL article 7 to regain possession of the leased premises. Supreme Court dismissed the petition on the merits and petitioner appeals.

We affirm. Succinctly stated, it appears to be petitioner's position that as the victim of a forcible or unlawful entry or detainer, it was entitled to regain possession of the premises by summary proceeding pursuant to RPAPL 713 (10) and 721 (4) *(see generally,* 89 NY Jur 2d, Real Property—Possessory and Related Actions, §§ 77, 78, at 416-419). However, petitioner has presented no competent evidence to support a finding that respondent's entry or detainer was either unlawful or forcible. If a lease makes specific provision therefor, a lessor may re-enter premises upon breach of a condition subsequent so long as it is done peaceably and without force, and need not resort to an action or proceeding to regain possession *(see, Michaels v Fishel,* 169 NY 381, 389; *Cohen v Carpenter,* 128 App Div 862, 863-864; 74 NY Jur 2d, Landlord and Tenant, § 782, at 762).

Here, sections 15.01 and 15.02 of the lease provide in relevant part that, upon "[petitioner's] fail[ure] to pay any installment of * * * percentage or additional rent or any part thereof * * * for [10] days after receipt of written notice from [respondent], [respondent] shall have the right to immediately declare [the] Lease terminated * * * [and] immediately or at any time thereafter re-enter the Premises and remove [petitioner], its agents, employees [or] licensees * * * by any suitable action or proceeding at law *or otherwise"* (emphasis supplied). Petitioner freely acknowledges its failure to pay percentage or additional rent and we reject the contention that there is a "bonafide dispute over amounts owed" which would preclude respondent's termination of the lease. The "bonafide dispute" qualification applies only to section 15.01 (g) of the lease, relative to payment of "other charge[s] required to be paid by [petitioner]", and has no effect upon the provision of section 15.01 (f) for payment of fixed annual minimum rent and percentage or additional rent.

Finally, as to the claim of force, the description by respondent's manager of the events of December 5, 1991 establish that the premises were not retaken by actual force or personal violence or a " 'threat and menace to life and limb' " *(Lyke v Anderson,* 147 AD2d 18, 27, quoting *Drinkhouse v Parka Corp.,* 3 NY2d 82, 91; *see, Chelsea Marina v Scoralick,* 94 AD2d 189, 193), and petitioner's contrary version is contained in a mere

attorney's affidavit, lacking evidentiary value *(see, Zuckerman v City of New York,* 49 NY2d 557, 563).

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.