■ In the Matter of 110-45 QUEENS BLVD. GARAGE, INC., Respondent, v PARK BRIAR OWNERS, INC., et al., Appellants. [696 NYS2d 490] —In a proceeding to recover possession of leased premises located at 110-45 Queens Boulevard, Forest Hills, New York, the owner Park Briar Owners, Inc., and the new tenant Park Briar Garage Corp. appeal, by permission, from an order of the Appellate Term of the Supreme Court, 2nd and 11th Judicial Districts, dated May 20, 1998, which reversed an order of the Civil Court of the City of New York, Queens County (O'Donoghue, J.), entered March 19, 1997, denying the petitioner's application to restore possession, and for other relief, and remitted the matter to the Civil Court of the City of New York, Queens County, for further proceedings.

Ordered that the order of the Appellate Term is reversed, on the law, without costs or disbursements, and the order of the Civil Court is affirmed.

In the written lease of a parking garage between the petitioner tenant and appellant landlord, a cooperative apartment corporation, the appellant landlord reserved its common-law right to peaceably reenter the commercial premises in issue upon termination of the lease or default on the payment of rent. The law permits a commercial landlord to reserve that right, but only if the reentry can be effected peaceably. Forcible entries are not permissible (*see, Michaels v Fishel,* 169 NY 381; *Matter of Jovana Spaghetti House v Heritage Co.,* 189 AD2d 1041, 1042; *Cohen v Carpenter,* 128 App Div 862; *Liberty*

*Indus. Park Corp. v Protective Packaging Corp.,* 71 Misc 2d 116, 119, *affd* 43 AD2d 1020).

At the conclusion of the 10-year lease, the appellant landlord exercised its right of reentry. In support of its contention that it is entitled to possession, the petitioner did not dispute that the term of the lease had expired and had not been renewed, nor did it dispute that it was in default making certain payments pursuant to the lease. Rather, the petitioner contended that it was entitled to be restored to possession because its ouster was forcible.

On this record, there is an issue of fact as to whether the ouster of the petitioner was peaceable or forcible (*see, Lori-Kay Golf v Lassner,* 93 AD2d 857, *revd on other grounds* 61 NY2d 722). However, it is clear from this record that restoring the petitioner to possession would be futile, because the appellants would prevail in a summary proceeding to evict the petitioner (*see, Wagman v Smith,* 161 AD2d 704; *Friends of Yelverton v 163rd St. Improvement Council,* 135 Misc 2d 275; *Yates v Kaplan,* 75 Misc 2d 259; *Bressler v Amsterdam Operating Corp.,* 194 Misc 76). The petitioner, if it be so advised, may move in the Civil Court to assert a claim to recover damages for forcible reentry. In the event the application is granted and the petitioner prevails on its claim that the reentry was forcible its relief, if any, would be limited to damages (*see,* RPAPL 853). Bracken, J. P., S. Miller, O'Brien and Goldstein, JJ., concur. [*See,* 177 Misc 2d 555.]