OPINION OF THE COURT
Memorandum.
Order unanimously reversed with $10 costs, motion to dismiss denied and matter remanded for further proceedings.
In this RPAPL 713 (10) proceeding commenced by a proprietary lessee after his shares were sold in foreclosure and he was locked out of his cooperative apartment, the District Court dismissed the petition on the ground that petitioner lacked “standing” because he was merely the former owner of shares in the cooperative corporation. This was error. An unlawful entry or detainer proceeding is maintainable where “petitioner was peaceably in actual possession at the time of the forcible or unlawful entry or in constructive possession at the time of the forcible or unlawful detainer” (RPAPL 713 [10]). Thus, petitioner’s “standing” to maintain this proceeding does not depend on his status as a former owner of the shares but on his having been in constructive possession, through his subtenant, at the time of the allegedly unlawful detainer (see, Lowman v Sprague, 73 Hun 408; 2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 36:10 [4th ed]). The issue to be determined in this proceeding is whether the detainer was unlawful.
Contrary to petitioner’s contention, respondent was entitled to use peaceable self-help to regain possession after a proper termination of the lease (Matter of Jovana Spaghetti House v Heritage Co., 189 AD2d 1041; Cohen v Carpenter, 128 App Div 862; 2 Dolan, Rasch’s Landlord and Tenant — Summary Proceedings § 29:11 [4th ed]). However, such a proper termination has not been adequately proven in respondent’s papers which, inter alia, fail to include an affidavit from the person who allegedly mailed the default notice. Because respondent seeks to impose a forfeiture in strict reliance upon the letter of the lease, the proof it adduces must be strictly scrutinized to determine if the lease was properly terminated. Under the circumstances, dismissal of the petition was unwarranted.
DiPaola, P. J., Floyd and Palella, JJ., concur.