■ PETER BOZEWICZ, Also Known as PIOTR BOZEWICZ, et al., Respondents, v NASH METALWARE CO., INC., et al., Appellants. [725 NYS2d 671] —In an action to recover damages for unlawful eviction, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated November 10, 1999, as granted the plaintiffs' motion for summary judgment on the issue of liability, and denied that branch of their cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting the plaintiffs' motion and substituting therefor a provision denying the motion, and (2) deleting the provision thereof denying that branch of the cross motion which was for summary judgment dismissing so much of the complaint as sought to recover treble damages pursuant to RPAPL 853 on behalf of the plaintiff Peter Bozewicz, a/k/a Piotr Bozewicz, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

A landlord may peaceably re-enter commercial premises and regain possession pursuant to a right reserved in the lease if the tenant breaches its obligation to pay rent (*see, Matter of 110-45 Queens Blvd. Garage v Park Briar Owners,* 265 AD2d 415; *Matter of Jovana Spaghetti House v Heritage Co.,* 189 AD2d 1041; *Cohen v Carpenter,* 128 App Div 862). Here, there is a dispute as to whether the tenant, the plaintiff Powerfeed Mfg., Inc. (hereinafter Powerfeed), had paid the rent due under the lease at the time of the eviction. Accordingly, Powerfeed is not entitled to summary judgment on the issue of liability, since it cannot be determined as a matter of law whether the defendants, who admitted to locking out the tenant, acted lawfully.

The defendants were entitled to summary judgment dismissing so much of the complaint as sought to recover treble damages pursuant to RPAPL 853 on behalf of the plaintiff Peter

Bozewicz, a/k/a Piotr Bozewicz, since he was not a party to the lease (*see,* CPLR 3212 [b]; *Gold v Schuster,* 264 AD2d 547, 550).

The defendants' remaining contention is without merit. Santucci, J. P., Altman, Florio and Adams, JJ., concur.