[911 NYS2d 567]

Sol De Ibiza, LLC, Respondent, v Panjo Realty, Inc., Appellant.

Supreme Court, Appellate Term, First Department, September 22, 2010

## APPEARANCES OF COUNSEL

*Welby, Brady & Greenblatt, LLP*, White Plains, for appellant. *Michael J. Berman & Associates, P.C.*, New York City, for respondent.

## OPINION OF THE COURT

Per Curiam.

Order, entered November 2, 2009, reversed, without costs, the findings and determinations therein vacated, and the matter remanded to Civil Court for further proceedings consistent herewith.

The issues presented by this appeal are whether a landlord can utilize self-help to recover possession of demised commercial premises from a tenant, and, if so, whether the landlord herein, under the particular facts and circumstances of this case, properly did so. We answer the first question in the affirmative; however, because the slim record before us does not allow for an informed conclusion with respect to the second question, we remand the matter to Civil Court for further proceedings.

In March 2008, landlord entered into a written lease agreement with tenant pursuant to which landlord leased certain commercial storefront premises to tenant for a five-year term. The lease contained various provisions relating to the work that each party was required to perform in the premises, and tenant's rent obligations. The lease also contained the following provisions (para 17 [1], [2]) that are of critical importance to this appeal:

> "(1) If Tenant defaults in fulfilling any of the covenants of this lease other than the covenants for the payment of rent . . . upon [Landlord] serving a written fifteen (15) days['] notice upon Tenant specifying the nature of said default, and upon the expiration of said fifteen (15) days, if Tenant shall have failed to comply with or remedy such

default . . . , then [Landlord] may serve a written five (5) days['] notice of cancellation of this lease upon Tenant . . . .

"(2) . . . or if Tenant shall make default in the payment of the rent reserved herein . . . , then, and in any of [the] events [specified in paragraph 17 (2)], [Landlord] may without notice, re-enter the demised premises either by force or otherwise, and dispossess Tenant by summary proceedings or otherwise, . . . and Tenant hereby waives the service of notice of intention to re-enter or to institute legal proceedings to that end."

According to landlord, tenant, who utilized the demised space as a retail boutique, took occupancy of the premises in April 2008. In September 2008, landlord allegedly served a rent demand on tenant, asserting that tenant breached its rent obligations under the lease. Landlord then commenced a declaratory judgment action in Supreme Court seeking a declaration as to tenant's rent obligations and a money judgment for rent arrears. The parties, however, disagreed over the interpretation of certain material provisions of the lease relating to tenant's rent obligations and, relatedly, whether such obligations had commenced. That action is apparently still pending.

Several months after the Supreme Court action was commenced, landlord served another rent demand on tenant, again claiming that tenant had breached its rent obligations. This demand stated that tenant had failed to pay rent from August 2008 to September 2009 and owed arrears in the amount of $270,493.21. Landlord demanded that tenant pay that sum by a specified date and warned tenant that if it failed to do so it would be evicted from the premises. Tenant refused to comply with the rent demand, insisting that, because landlord failed to satisfy certain conditions precedent to tenant's obligation to pay rent, no rent was owed to landlord. Shortly after tenant's refusal to pay rent, landlord padlocked the door of the premises. After tenant cut the lock to regain access to the premises, landlord again padlocked the door. Notably, according to tenant, landlord's president threatened an employee of tenant after the first lock was cut; however, the nature and seriousness of that threat cannot be evaluated on the present record.

Tenant commenced this proceeding seeking to be restored to possession of the premises and for treble damages for wrongful

eviction under RPAPL 853.* Without conducting a hearing on the restoration petition, Civil Court granted the petition to the extent of restoring tenant to possession and permitting tenant to file a notice of inquest for an assessment of damages under RPAPL 853. The court strongly suggested that self-help is never available to a landlord as a means to recover possession of demised commercial premises—a landlord is required to commence a RPAPL article 7 special proceeding to recover possession—and held that, even assuming self-help can serve as a remedy under certain circumstances, the lease here did not authorize landlord to use self-help. We reverse.

"Although eviction through legal process is undoubtly the most secure method," it is well established that a landlord may, under certain circumstances, utilize self-help to regain possession of demised commercial premises (*Zendani v Morrina Realty Corp.*, NYLJ, Mar. 11, 1999, at 28, col 3 [App Term, 1st Dept]; *see Liberty Indus. Park Corp. v Protective Packaging Corp.*, 43 AD2d 1020 [1974], *affg* 71 Misc 2d 116 [1972]). In particular, a commercial landlord may utilize self-help where (1) the subject lease specifically reserves the landlord's right to reenter and regain the premises upon tenant's breach of its obligation to pay rent, (2) prior to reentry, landlord serves upon tenant a valid rent demand, (3) reentry was effected peaceably, and (4) tenant is in fact in default in its obligation to pay rent (*see Bozewicz v Nash Metalware Co.*, 284 AD2d 288 [2001]; *Matter of 110-45 Queens Blvd. Garage v Park Briar Owners*, 265 AD2d 415 [1999]; *Matter of Jovana Spaghetti House v Heritage Co. of Massena*, 189 AD2d 1041 [1993]; *see also Matter of Ga Young Lee v Charl-Ho Park*, 16 AD3d 986 [2005]; *North Main St. Bagel Corp. v Duncan*, 6 AD3d 590 [2004]; 2 Dolan, Rasch's Landlord and Tenant—Summary Proceedings §§ 29:1, 29:11 [4th ed]).

Here, the relevant clauses of paragraph 17, which are set forth above, reserved landlord's right to reenter and regain the demised premises upon tenant's breach of its obligation to pay rent. Indeed, courts have concluded that commercial landlords have sufficiently reserved their rights of reentry through lease provisions containing language substantially similar to the

---

* RPAPL 853 states that

"[i]f a person is disseized, ejected, or put out of real property in a forcible or unlawful manner, or, after he has been put out, is held and kept out by force or by putting him in fear of personal violence or by unlawful means, he is entitled to recover treble damages in an action therefor against the wrong-doer."

language employed in the lease herein (*see Matter of Jovana Spaghetti House, supra*; *see also 542 Holding Corp. v Prince Fashions, Inc.*, 46 AD3d 309 [2007]; *Matter of 110-45 Queens Blvd. Garage, supra*). However, on the undeveloped record before us, we cannot determine whether (1) the rent demand was valid, i.e., whether it afforded tenant actual notice of the approximate good faith sum of rent allegedly owed, (2) landlord's reentry was peaceable, or (3) tenant actually breached its obligation to pay rent (*see generally Matter of 110-45 Queens Blvd. Garage v Park Briar Owners, supra*). In fact, the limited submissions adduced by the parties demonstrate the existence of triable issues on each of these points.

At bottom, while the remedy of self-help may, under certain circumstances, be available to a landlord to recover possession of demised commercial premises, adjudication of tenant's petition seeking restoration and treble damages for wrongful eviction was premature, and we remand the matter to Civil Court for a hearing in accordance herewith.

McKEON, P.J., SHULMAN and HUNTER, JR., JJ., concur.