OPINION OF THE COURT
Memorandum.
Ordered that, on the court’s own motion, the notice of appeal from the decision dated May 2, 2013 is deemed a premature notice of appeal from the final judgment entered January 12, 2015 (see CPLR 5520 [c]); and it is further ordered that the final judgment is modified by providing that the petition is dismissed; as so modified, the final judgment is affirmed, without costs.
*47 In this unlawful entry and detainer summary proceeding (see RPAPL 713 [10]) commenced by tenants by order to show cause (see CCA 400 [1]) and supporting affidavit (deemed a petition), the Civil Court awarded tenants possession of the subject commercial premises and denied landlord’s “cross motion” for an award of possession and use and occupancy, based on its determination that it was not permissible for landlord to use self-help to regain possession thereof.
Contrary to the Civil Court’s determination, “it is well established that a landlord may, under certain circumstances, utilize self-help to regain possession of demised commercial premises” (Sol De Ibiza, LLC v Panjo Realty, Inc., 29 Misc 3d 72, 75 [App Term, 1st Dept 2010]; see Bozewicz v Nash Metalware Co., 284 AD2d 288 [2001]; Matter of 110-45 Queens Blvd. Garage v Park Briar Owners, 265 AD2d 415 [1999]; Matter of Jovana Spaghetti House v Heritage Co. of Massena, 189 AD2d 1041 [1993]; see also Matter of Ga Young Lee v Charl-Ho Park, 16 AD3d 986 [2005]; North Main St. Bagel Corp. v Duncan, 6 AD3d 590 [2004]; 2 Dolan, Rasch’s Landlord and Tenant—Summary Proceedings §§ 29:1, 29:11 [4th ed]). Here, the provisions of the lease reserved landlord’s right to reenter and regain possession of the premises upon a breach of a condition of the lease, provided that landlord serve a five-day notice to cure and a three-day notice of termination. Tenants’ pleadings fail to contain any allegations establishing that tenants were not in breach of a condition of the lease, that landlord had not complied with the lease provisions requiring notice, or that reentry by landlord was not accomplished peaceably (see Matter of 110-45 Queens Blvd. Garage v Park Briar Owners, 265 AD2d 415 [1999]; Sol De Ibiza, LLC v Panjo Realty, Inc., 29 Misc 3d 72 [2010]). Upon a review of all the papers submitted (see CPLR 409 [b]), we find that the petition must be dismissed based on these defects.
The branch of landlord’s “cross motion” seeking a judgment of possession, based on a claim that tenants had, after commencing the proceeding, restored themselves to possession, was properly denied. While RPAPL 743 provides for the assertion of a legal counterclaim in a summary proceeding, it does not allow a respondent to circumvent the requirements of RPAPL article 7 for the maintenance of a summary proceeding to obtain a judgment of possession (RPAPL 747; compare the majority and dissenting opinions in Mazzella v Sarvis, 67 NYS2d 283 [App Term, 1st Dept 1946], revd on other grounds *48 272 App Div 381 [1947]; see also Ric-Mar Equity Ventures v Murrell, 184 Misc 2d 298 [App Term, 2d Dept, 2d & 11th Jud Dists 2000]). When tenants resumed possession, they did so, if landlord’s position is accepted, as squatters, the lease having been terminated, and no 10-day notice was served as is required to obtain a final judgment pursuant to RPAPL 713 (3) (cf. Matter of Sweet v Sanella, 46 AD2d 688 [1974]). Moreover, landlord has not pleaded the elements of a civil court ejectment action (see CCA 203 [j]).
While the landlord may now be faced with additional litigation, this was brought about by landlord’s resort to self-help. The court was available for landlord to seek an award of possession, but, having chosen to act on its own, landlord cannot now complain of being denied the opportunity to short-circuit the procedural requirements of a summary proceeding, by way of counterclaim.
We do not in any way wish to diminish or deny landlords the right to utilize self-help. Nor is the majority opinion meant as approval for tenants’ conduct or that of the police in this particular instance. We note, however, that it would not be unusual or improper in appropriate circumstances for a tenant locked out of a premises to seek assistance from the police. There is an element of uncertainty associated with resort to self-help, and, in our opinion, we cannot simply disregard the pleading requirements of the statute in an effort to restore landlord to possession.
For these reasons, we sustain the denial of the branch of landlord’s “cross motion” seeking an award of possession. The denial of the branch of landlord’s “cross motion” seeking use and occupancy is likewise sustained, as, under the circumstances presented, landlord’s claims for possession and use and occupancy should be heard together. We express no view as to the ultimate status of the parties and pass upon no other issue raised on appeal.
Accordingly, the final judgment is modified by providing that the petition is dismissed.