62-64 Third Ave LP v Elvis Café LLC (2024 NY Slip Op 50943(U))

[*1]

62-64 Third Ave LP v Elvis Café LLC

2024 NY Slip Op 50943(U)

Decided on July 18, 2024

Civil Court Of The City Of New York, New York County

Li, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 18, 2024
Civil Court of the City of New York, New York County

62-64 Third Ave LP, Petitioner,

against
Elvis Café LLC DBA TIGERLILY KITCHEN, Respondent.

Index No. LT-318156-23/NY

Petitioner's Counsel: 
Herrick, Feinstein LLP
2 Park Avenue,
New York, NY 10016
Respondent's Counsel: 
Rose & Rose 
291 Broadway, 13th Floor, 
New York, NY 10007

Wendy Changyong Li, J.

I. Recitation of the papers considered in the review of this Motion as required by CPLR 2219 (a)
Upon reading Petitioner's Motion for Summary Judgment ("Motion"), Respondent's Affirmation in Opposition ("Opposition") with Counterclaims, and Petitioner's Reply ("Reply"), together with all supporting documents, Petitioner's Motion is decided as follows.
II. Procedural History
Petitioner commenced the instant action for a judgment of possession, an issuance of a warrant to evict, and to collect $188,529.20 in overdue rent, plus fees, interest, costs, and disbursements by filing a Petition on September 13, 2023 with respect to the partial portion of the basement (excluding boiler room and storage room) located at 58 Third Avenue, New York, NY 10003 ("Premises"). Respondent interposed an Answer on October 6, 2023. On October 23, 2023, Petitioner filed the instant Motion. Respondent opposed and counterclaimed.
III. Discussion
a. Petitioner's Prima Facie Case
"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 322 [1986]). "Upon establishing a prima facie case, the burden then shifts to the party opposing the motion to demonstrate the existence of a material issue of fact" (Cromer v Rosenzweig Ins. Agency Inc., 156 AD3d 1192, 1192 [3d Dept 2017]). Here Petitioner has established its prima facie case, that Petitioner has the right to terminate the Lease (as defined below) pursuant to 31(G) of the Lease, the "Demolition" clause, and that Respondent had owed Petitioner rent, by providing Respondent's rent ledger, the lease ("Lease") between the Respondent and Petitioner's predecessor with rent commence date of July 1, 2021 (it appeared that the Lease was not dated), the deed from Petitioner's predecessor to Petitioner documenting the ownership transfer of the building including the Premises rented by Respondent, and a written notice pursuant to RPL 325-E(d) stating Respondent's failure to pay rent. The burden then shifts to Respondent to raise a triable issue of fact.
b. Respondent's Affirmative Defenses
Respondent, in its Opposition, maintained seven pleaded defenses and two unpleaded defenses, which were raised for the first time in the Opposition. Respondent claimed it had eight pleaded defenses by the end of its Opposition, but this Court is unable to locate the eighth. The seven defenses are:
1. Failure to State a Cause of Action
The Petition alleged that Petitioner was due, and Respondent owed, rent payment pursuant to the Lease. The Petition further alleged that Respondent defaulted on some of these payments, causing damage to Petitioner. Despite Respondent's assertion, the Court finds that the Petition sufficiently stated the cause of action. This affirmative defense is dismissed.
2. Laches
Petitioner asserted in its Motion, and Respondent did not contest, that Laches are not a viable affirmative defense in a commercial non-payment proceeding. This Court agrees (see Green W. 57th St. LLC v Krystaltech Intl., 236 N.Y.L.J. 103 [NY Civ Ct, New York County 2006]; Diversified Bldg. Co., LLC v Nader Enters., LLC, 30 Misc 3d 1222(A), 1222A). This affirmative defense is dismissed.
3. Rent Demand does not state a Good Faith Amount
Respondent alleged that Petitioner's instant Motion improperly demanded August 2022 rent, which was already paid, and posted a late fee for September 2022, despite Respondent having paid the September rent and Petitioner being the party that rejected the payment. Respondent provided evidence of payment for these two months, and Respondent's claims were consistent with the rent ledger submitted by Petitioner. Petitioner did not challenge the evidence or Respondent's allegations other than conclusory denial.
However, a "good faith amount" does not require that the Rent Demand be completely without controversy on every entry; instead, "a rent notice must set forth the approximate good faith amount of rent owed" (EOM 106-15 217th Corp. v Severine, 62 Misc 3d 141[A], 2019 NY Slip Op 50068[U], *1 [App Term 2019] [emphasis added]). The proportion of inaccurate rent arrears compared to the total is an important factor in deciding if a Rent Demand states a good faith amount. Here, the total value of the rent arrears alleged to be inaccurate do not exceed 10% of the total amount of rent arrears demanded. This Court finds that Petitioner has provided the "good faith" amount of rent owed, however, Respondent's unanswered allegations that it is being overcharged for one month of rent and one month of late fees are triable issue of facts, but only as to money damages.
4. Failure to Comply with a Condition Precedent to Bringing the Case
Based on the records before the Court, Respondent did not specify which "condition precedent to bringing the case" that Petitioner has failed to comply with. This affirmative defense is dismissed.
5. Rejection of Tendered Rent
The Court agrees with Petitioner that termination of Lease justified the rejection of tendered rent. New York Courts have found that "the remaining rent payments were properly rejected because petitioner had served a notice of termination, and acceptance of rent would have vitiated that notice" (see St. Catherine of Sienna R.C. Church, at St. Albans, Queens County v 118 Convent Assoc., LLC, 44 Misc 3d 8, 10 [App Term 2014]). However, in addition to the allegedly rejected rent in August and September 2022, Respondent also provided proof that rent was rejected in January 2023, which was after the holdover proceeding was dismissed on December 20, 2022 by the Honorable Emily Morales-Minerva. Petitioner did not provide a justification for this later rejection other than asserting that no case law existed establishing rejection of rent as a defense in a non-payment proceeding.
The Civil Court of the City of New York has previously found "repeated tender of rent [*2]by a tenant and refusal of the rent by a landlord can preclude the landlord from maintaining a summary eviction proceeding for the failure to pay rent" (Aimco Columbus Ave. v Bivou Rest. Corp., 9 Misc 3d 1114[A], 1114A, 2005 NY Slip Op 51544[U], *3 [Civ Ct, New York County 2005]). In this case, Petitioner only rejected one rent payment improperly, which is insufficient to warrant the severe sanction of precluding Landlord-Petitioner from maintaining its proceeding. This Court finds that the singular instance of improperly rejected rent raises a triable issue of facts with regards to money damages.
6. Routine overbilling and double billing
Respondent alleged that Petitioner overbilled and double billed in the months of August and September 2022. However, the Morgan Affidavit in Opposition ("Morgan Aff") only alleged one instance of double billing for August's rent and one instance of overbilling for September's late fee. The Court dismisses this defense to the extent that it suggested a pattern of overbilling and/or double billing but allows Respondent to raise a triable issue of fact with respect to billing on money damages.
7. Commercial Tenant Harassment
Commercial Tenant Harassment is defined in N.Y.C. Admin. Code 22-902(a) as "any act or omission by or on behalf of a landlord that would reasonably cause a commercial tenant to vacate covered property, or to surrender or waive any rights under a lease or other rental agreement or under applicable law in relation to such covered property" N.Y.C. Admin. Code 22-903(b) states that "the commercial tenant shall not be relieved of the obligation to pay any rent for which the commercial tenant is otherwise liable [because of harassment]. Any monetary remedy awarded to a commercial tenant pursuant to subdivision a of this section shall be reduced by any amount of delinquent rent or other sum for which a court finds such commercial tenant is liable to the landlord." Any triable issues of fact in harassment warrants a trial for damages; however, it will not frustrate the issuance of judgment of possession.
Respondent alleged four harassments pursuant to N.Y.C. Admin. Code 22-902(a) by Petitioner: 1) Parking a truck by the handicapped entrance to the restaurant (NYC Admin Code 22-902[a][8]); 2) Commencing demolition around (but not in) Respondent's restaurant (NYC Admin Code 22-902[a][9]); 3) Turning off the heat to the upstairs portion of the building (not Respondent's restaurant) in the middle of the winter, leading to a burst pipe in Respondent's restaurant (NYC Admin Code 22-902[a][4]); and 4) Commencing frivolous and repeated proceedings (NYC Admin Code 22-902[a][5]).
The Morgan Aff alleged that "Petitioner parked a truck outside the restaurant, completely blocking handicap access". Upon being proven, this would constitute an action "preventing a commercial tenant or such tenant's invitee from entering a covered property occupied by such tenant" (NYC Admin Code 22-902[a][8]). Respondent attached a photo as proof. Petitioner, which provided substantial answers to the other three allegations of harassment, on this point only argued that "Ms. Morgan [did] not even allege that she ever notified Petitioner about any deprived access issue—a legal requirement" (see Reply). Here, triable issue exists as to whether there was commercial tenant harassment.
Petitioner provided two sworn Affidavits from the building's property manager and its [*3]superintendent stating that the building heat was not turned off on the February date that Respondent alleged it to be turned off. Here, triable issues exist as to money damage.
Respondent failed to provide evidence that the demolition work done around Respondent's restaurant was "unnecessary" (NYC Admin Code 22-902(a)(9)). The Court dismisses Respondent's such allegation with respect to harassment claims.
NYC Admin Code 22-902(a)(5) states that "repeatedly commencing frivolous court proceedings against a commercial tenant" constitutes harassment. Petitioner has so far commenced four court proceedings against Respondent. In February 2023, Petition commenced an action against Respondent, however a 14-day Rent Demand was not served and it was filed one month after Respondent's rent was rejected. Respondent alleged that such action "did not even itemize Petitioner's claimed arrears and did not advise that failure to pay or surrender possession would result in litigation". Petitioner responded that the case was abandoned after filing, without the papers ever being served. NYC Admin Code 22-902(a)(5) describes harassing proceedings only as being commenced, and CPLR 304 states: "a special proceeding is commenced by filing a petition in accordance with rule twenty-one hundred two of this chapter".
"Summary judgment is a drastic measure that deprives a party of her day in court, [and] it may be granted only if no genuine triable issue of fact is presented. If there is any doubt as to the existence of a triable issue, the motion should be denied" (Grossman v Amalgamated Hous. Corp., 298 AD2d 224, 224 [1st Dept 2002]). Here, factual issue exists as to frivolous lawsuits with respect to money damage.
8. Breach of the Covenant of Good Faith and Fair Dealing
The Court dismisses this defense. Respondent alleged that Petitioner's predecessor in interest, Soix Realty, verbally indicated to Respondent that it had no present intention of selling or demolishing the building where the Premises are located. About one month after Respondent opened her restaurant, in January 2022, the building was sold to Petitioner, and the very next day Petitioner served Respondent with a notice of termination.
Respondent's counsel alleged that the notice of termination and pursuing holdover breached the covenant of good faith and fair dealing. This Court notes that the Holdover Proceeding was dismissed in December of 2022. The past three actions between Petitioner and Respondent have been about non-payment of rent; Petitioner has established, and Respondent has not denied, that Respondent has not paid any rent for the Premises for at least a year.
Additionally, this Court finds that acting upon an express right cannot be construed as violating the implicit covenant (see Celauro v 4C Foods Corp., 187 AD3d 836, 836 [2d Dept 2020]; Tr. Funding Assoc., LLC v Capital One Equip. Fin. Corp., 149 AD3d 23, 25 [1st Dept 2017]; 111 W. 57th Inv. LLC v 111 W57 Mezz Inv. LLC, 220 AD3d 435, 435 [1st Dept 2023]). Termination of the Lease pursuant to the demolition clause was a right explicitly afforded to the Landlord in Article 31 (G) of the Lease; moreover, Lease Article 31(G) afforded the right for Landlord to begin demolition in the first year of the Lease, by clarifying the amount of money Landlord would need to offer Tenant in a year-1 buyout.
The Court does not find prior landlord Soix Realty's promise to Respondent relevant to [*4]the matter between Petitioner and Respondent. At no point did Respondent allege that Petitioner itself was a party to the oral agreement or was even aware of it prior to its purchase of the building. The Court dismisses this affirmative defense.
9. Constructive Eviction
The Court dismisses this defense. In order to establish its defense of constructive eviction Respondent alleged that Petitioner turned off the heat during winter, leading to a burst pipe. The Morgan Aff alleged that this caused Respondent business to close down for "about a week". The First Department has held that to claim constructive eviction, it is insufficient to merely allege cessation of business operations (see 20 Broad St. Owner LLC v. Sonder USA, Inc., 208 N.Y.S.3d 612, 613 [1st Dept. 2024]); the Respondent must no longer remain in possession of the relevant premises (Id.; Broadway Copy Serv., Inc. v. Broad-Wall Co., 77 AD2d 827, 827, 431 N.Y.S.2d 13, 14 [1st Dept. 1980]; Barash v. Pa. Terminal Real Estate Corp., 26 NY2d 77, 83, 308 N.Y.S.2d 649, 653, 256 N.E.2d 707, 710 [1970]. "It has been said to be inequitable for the tenant to claim substantial interference with the beneficial enjoyment of his property and remain in possession without payment of rent" (Barash v. Pa. Terminal Real Estate Corp., 26 NY2d 77, 83, 308 N.Y.S.2d 649, 653, 256 N.E.2d 707, 710 [1970]). Accordingly, this Court dismisses this affirmative defense.
c. Termination Clause
Article 31(G) ("Demolition") of the Lease provided that "if the Landlord procure[d] an order of demolition and/or intend[ed] to demolish the building containing the Premises, then Landlord, upon giving Tenant 180 days written notice, [had] the right to terminate this Lease ". Here, Petitioner properly served a 180 Day notice of termination dated August 21, 2023 notifying the Respondent that the tenancy was terminated as of February 29, 2024. It would be futile for a tenant to remain in possession when a lease provides an express right for landlord to terminate the lease due to demolition and the landlord indeed has exercised such right. Here, Petitioner rightfully terminated the Lease this time pursuant to Article 31(G) of the Lease and "the commonsense approach of applying the doctrine of futility is well founded" (Doyle v Riquelme, 72 Misc 3d 1204[A], 2021 NY Slip Op 50608[U] [Civ Ct, Kings County 2021]), citing 110-45 Queens Blvd. Garage, Inc. v. Park Briar Owners, Inc., 265 AD2d 415, 696 NYS2d 490, 491 [2nd Dep't 1999]). 
IV. Order
Accordingly, it is
ORDERED that a final judgment of possession for the Premises and a warrant of eviction are awarded to the Petitioner; and that the earliest execution date is January 2, 2025; and it is further
ORDERED that Parties shall pursue its money damage claims and counterclaims within Part 52 of the Court or without this Court.
This constitutes the DECISION and ORDER of this Court.
Dated: July 18, 2024
New York County
Honorable Wendy Changyong Li, J.C.C.