James v Hanley (2026 NY Slip Op 26030)

[*1]

James v Hanley

2026 NY Slip Op 26030

Decided on February 20, 2026

City Court Of Mount Vernon, Westchester County

Johnson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on February 20, 2026
City Court of Mount Vernon, Westchester County

Kevin James, Petitioner-Licensee,

againstLatasha Hanley, Respondent-Owner.

Index No. 0231-26

Kevin JamesPetitioner/Licensee 
Latasha HanleyRespondent/Owner

Nichelle A. Johnson, J.

AT A TERM OF THE LANDLORD TENTANT COURT, CITY OF MOUNT VERNON, COUNTY OF WESTCHESTER, held at Roosevelt Square, Mount Vernon, NY, on February 11, 2026, Petitioner James appeared to be heard on his Order to Show Cause seeking to be restored to possession of the premises following an illegal lockout, at 339 South 5th Avenue, Mount Vernon, NY. Respondent Hanley appeared and opposed the wrongful eviction petition. Both parties appeared without counsel.
The parties are ex-domestic partners. Petitioner resided at the subject premises for a few years prior to his arrest in a criminal matter in December 2025. On July 7, 2025, an arrest warrant was issued by this court for Petitioner's arrest arising from a domestic complaint filed by the Respondent. On December 2, 2025, the Petitioner was arrested and charged with Criminal Mischief in the Fourth Degree (PL §145.00). A temporary order of protection was issued for him to stay away from the Respondent and the premises.
On February 2, 2026, Petitioner filed this illegal lockout petition. On the return date, at oral argument, Respondent stated that she was the sole owner of the premises. She argued that Petitioner was not a tenant, did not pay any bills and that she was no longer in a relationship with him. She also argued that she was not aware that the criminal order of protection was no longer in effect until the police came to her home on January 5, 2026 with the Petitioner. She stated that she moved out of her house for a few months and lived with her mother because she did not feel safe being around the Petitioner. She affirmed that she served the Petitioner with an eviction notice in September 2025. She did not present proof of this notice in court.
Petitioner argued that he vacated the premises in December 2025 due to the order of [*2]protection and lived across the street with neighbors. On December 23, 2025, the criminal matter was dismissed on speedy trial grounds. As such the criminal case was dismissed and the order of protection was vacated. Petitioner now seeks to be restored to possession. He maintains that he helped Respondent maintain the home and make repairs. He stated that the Respondent changed the locks and has refused to allow him access to the premises.
Respondent argued the Petitioner did the work voluntarily because he was not working and did not pay any bills.
A threshold question in any illegal lockout proceeding is whether the petitioner has the requisite possessory interest to sustain a cause of action. Under RPAPL § 711, as amended by the Housing Stability and Tenant Protection Act of 2019 (HSTPA), "No tenant or lawful occupant of a dwelling or housing accommodation shall be removed from possession except in a special proceeding". Under RPAPL § 768, also enacted as part of HSTPA, a tenant or occupant of an apartment who had legal possession for at least thirty days may not be ousted by the landlord or leaseholder without resort to proper legal process including notice and an opportunity to be heard in court (Batiz v CSA Preserv. Partners LLC, 239 NYS 3d 499 [Civ Ct Queens Co 2025]). "While 'lawful occupant' is not defined, RPAPL § 713 permits a special proceeding to be maintained against a number of categories of occupants under specified circumstances, including but not limited to a licensee", where entry into possession was lawful (see Rodriguez v. HUB BK, LLC, 238 N.Y.S.3d 869 [2d Dept 2025]; RPAPL § 713 [7]). 
A person who has lived in a home with the permission of the owner is a "lawful occupant" with standing to commence an illegal lockout proceeding, even if they may ultimately not be entitled to possession. An illegal lockout may only be maintained by a person "peaceably in actual possession at the time of the forcible or unlawful entry or in constructive possession at the time of the forcible or unlawful detainer" (RPAPL §713[10]). At oral argument, the Court heard from both parties. It is undisputed that there is no landlord—tenant relationship between the parties. The parties are ex-domestic partners. Petitioner was, at most, a licensee in respondent's home.
Prior to 2025, the Appellate Courts in the Second Department generally denied restoration in illegal lockout proceedings where restoration would be "futile." The futility doctrine had been applied in cases where the petitioner seeking restoration was deemed a "licensee," who was therefore not in lawful possession of the subject premises (Andrews v Acacia Network, 59 Misc 3d 10 [2d Dept 2018]; 110-45 Queens Blvd. Garage, Inc. v Park Briar Owners, Inc. (265 AD2d 415, 696 N.Y.S.2d 490 [2d Dept 1999]). The appellate court held that a licensee cannot maintain an unlawful entry and detainer proceeding (John v John, 81 Misc 3d 129 [A] [2d Dept 2023]). 
The Appellate Term Second Department's recent holding in Rodriguez v. HUB BK, LLC, 238 N.Y.S.3d 869 significantly impacts the application of the futility doctrine in illegal lockout proceedings. The Appellate Term clarified that the futility doctrine is no longer a valid consideration in such proceedings. Specifically, the court held that under the HSTPA, a "lawful occupant" is entitled to the protections of a summary proceeding before being evicted, even if the occupant is ultimately not entitled to possession. The court emphasized that futility is no longer a factor in determining whether a lawful occupant should be restored to possession in proceedings commenced under RPAPL § 713 [10]. (Rodriguez v. HUB BK, LLC, 238 N.Y.S.3d 869). This holding effectively overrules prior case law that allowed courts to deny restoration based on the perceived futility of the occupant's possessory claim (see John v John, 81 Misc 3d [*3]129).
Here, Petitioner vacated the premises in December 2025 following his arrest and the issuance of a criminal court stay-away order. Petitioner stated that he stayed at a neighbor's house. The charges were dismissed on December 23, 2025. Petitioner argued that on January 5, 2026, approximately thirteen days after dismissal of the charges, he returned to the premises seeking to resume occupancy. Respondent refused him entry. Police were called to the scene, and respondent acknowledged that officers advised her that she would need to commence an eviction proceeding to remove Petitioner. Respondent nevertheless declined to permit petitioner to reenter the premises.
The determinative issue before this Court is whether Petitioner was in actual or constructive possession of the premises at the time of the alleged exclusion. While Petitioner was not in actual possession on January 5, 2026, the Court finds that he established constructive possession. His absence from the premises was temporary, not voluntary but was compelled by a court-issued stay-away order (see Barnes v Service, 85 Misc 3d 1281[A] [Civ Ct. Queens Co. 2025] (Petitioner residing continuously at premises for several years retained constructive possession of premises while temporarily displaced by virtue of an order of protection). Once that legal impediment was removed, Petitioner acted within a reasonable period of time to resume occupancy. There is no evidence that Petitioner surrendered his keys, expressly relinquished possession, or otherwise abandoned his right to reside in the premises. The brief interval between dismissal of the criminal matter and Petitioner's attempt to return does not constitute abandonment. Respondent's refusal to allow reentry without first obtaining judicial process constituted self-help.
Even a licensee in possession may not be removed without court process (Rodriguez v HUB BK, LLC, 238 NYS 3d 869 [App Term 2d Dept 2025]). Respondent was required to commence a summary proceeding to revoke the license and recover possession (Id.) Having failed to do so, her exclusion of Petitioner was unlawful within the meaning of RPAPL § 713(10).
IT IS THEREFORE, ORDERED AND ADJUDGED THAT pursuant to Real Property Action and Proceedings Law (RPAPL §721 [4]) the Respondent Hanley shall provide Petitioner James access, re-entry, possession of the premises and provide a replacement key to the premises located at 339 S. 5th Avenue, Mount Vernon, New York, immediately upon receipt of this order, and
IT IS FURTHER, ORDERED AND ADJUDGED THAT Petitioner may be accompanied by officers from the Mount Vernon Police Department who are authorized to enforce compliance with this Order and grant access to the apartment located at 339 S. 5th Avenue, Mount Vernon, New York, without the consent of the Respondent, and
IT IS FURTHER ORDERED AND ADJUDGED THAT, nothing herein shall preclude Respondent from commencing a lawful holdover proceeding to recover possession of the premises; and
IT IS FURTHER ORDERED AND ADJUDGED THAT, that the parties are directed to conduct themselves in a peaceful manner, and any future exclusion shall be only pursuant to lawful court order.
In view of the procedural posture of the proceeding, this order is made pursuant to the power granted by CPLR 409(b) to make any order permitted upon the pleadings, papers, and admissions of a party and where no triable issue of fact is raised (cf. e.g. 901 Bklyn Realty, LLC v [*4]Woods-Najac, 65 Misc 3d 158[A], 2019 NY Slip Op 51976[U] [App Term, 2d Dept, 2d, 11th, & 13th Jud Dists 2019]; CPLR 409[b]).
Accordingly, the order to show cause is granted.
This constitutes the Decision and Order of the Court.
Dated: February 20, 2026HON. NICHELLE A. JOHNSONCITY COURT OF MOUNT VERNON