■ KEPO, INC., Respondent, v GEORGE R. ROMANO, Appellant, et al., Defendants. — In an action to recover damages resulting from the wrongful eviction of plaintiff from certain premises, defendant Romano appeals from a judgment of the Supreme Court, Suffolk County (Tanenbaum, J.), entered November 20, 1980, after a nonjury trial, which is in favor of plaintiff and against him in the total sum of $12,755.72. Judgment affirmed, with costs. The plaintiff tenant's failure to pay rent did not entitle appellant to assume possession of the premises without notice to plaintiff, i.e., a demand for rent (See *Pine Hill Assoc. v Malveaux*, 93 Misc 2d 63). To justify the eviction of a tenant a landlord is required to prove that: (a) under the specific terms of the lease, the tenant's right to enjoy and maintain control over the demised premises was conditioned on his payment of rent, in advance (see *Herstein Co. v Columbia Pictures Corp.*, 4 NY2d 117; 2 Rasch, New York Landlord and Tenant [2d ed], § 894, and cases cited therein); and (b) he made a demand of the tenant for rent (see *Van Rensselaer v Jewett*, 2 NY 135; *Pine Hill Assoc. v Malveaux, supra*, 34 NY Jur,

Landlord and Tenant, § 371, and cases cited therein). Whether appellant satisfied the first condition is unnecessary to determine since he failed to provide plaintiff with notice. Within weeks of plaintiff's failure to pay rent for February, 1977, appellant relet the premises without even attempting to locate plaintiff. The trial court's computation of damages was correct. The trial court, *inter alia,* awarded the amount that the plaintiff would have gained from its sublease, and the difference between plaintiff's rent and the new tenant's higher rental. These two sums are appropriate under the well-established rule that in wrongful eviction cases, damages should include: " 'the value of the unexpired term of the lease at the time of the eviction, over and above the rent reserved by the terms of the lease.' " (*Mack v Patchin,* 42 NY 167, 174; 2 Rasch, New York Landlord and Tenant [2d ed], § 975.) Mollen, P. J., Gulotta, Weinstein and Thompson, JJ., concur.