■ CLASSIC BOOKSHOPS (INTERNATIONAL) LTD., Appellant, v 48TH AMERICAS COMPANY et al., Respondents.

Plaintiff has operated a bookstore at 1212 Avenue of the Americas since 1976, first pursuant to a sublease with defendant Chemical Bank, dated October 8, 1976, and then pursuant to a contemporaneously executed prime lease with the receiver for the then landlord, which lease was to commence May 1, 1985 upon the expiration of the sublease. Defendant 48th Americas Company purchased the building on June 29, 1982.

Although the original sublease with Chemical provided that a separate electric meter would be installed and plaintiff

would be responsible directly to Con Edison for electricity and chilled water supplied to plaintiff's premises, Chemical and plaintiff later agreed that Chemical would pay the entire electric bill for its own as well as plaintiff's premises, and plaintiff would reimburse Chemical for its pro rata share. This arrangement continued for the term of the sublease and for approximately six months thereafter when Chemical advised plaintiff that, because of objections raised by 48th Americas, it would be forced to terminate the provision of electrical and chilled water service through Chemical's meter unless plaintiff arranged for the installation of a separate meter, an allegedly lengthy undertaking.

While plaintiff's lease with 48th Americas' predecessor in interest indicates that the rates and conditions regarding submetering or rent inclusion for electrical service were to be added in a rider, no such provision was included in the rider to the lease. The parties have taken opposing positions, plaintiff claiming that 48th Americas is obligated to provide electrical service to its premises without charge, while 48th Americas contends that it has no obligation to permit plaintiff to use its risers, conduits, wires or related equipment for transmission of electrical current through a separate electric meter.

Given the obvious and irreparable harm that would be suffered by a retail business if its electrical power supply were terminated, a preliminary injunction should be granted with a view toward preserving the status quo pending a full trial on the merits of plaintiff's action, which seeks, *inter alia,* a declaration of its rights under the lease. Such relief is particularly appropriate where the termination of plaintiff's electrical service would, in effect, result in a forfeiture of plaintiff's lease, a result not favored by the law. Under the circumstances, the interests of justice and of the parties will be best served by an immediate trial. Concur—Kupferman, J. P., Carro, Kassal, Rosenberger and Ellerin, JJ.