■ NORTH MAIN STREET BAGEL CORP., Appellant, v ROBERT J. DUNCAN et al., Respondents, et al., Defendants. [775 NYS2d 362]—

In an action, inter alia, to recover damages for trespass, wrongful eviction, and tortious interference with prospective contractual relations, the plaintiff appeals, as limited by its brief, from stated portions of a judgment of the Supreme Court, Suffolk County (Lifson, J.), entered February 7, 2003, which, after a nonjury trial, inter alia, dismissed its second cause of action to recover damages for trespass and wrongful eviction insofar as asserted against the defendants Robert J. Duncan and Shirley T. Duncan.

Ordered that the judgment is modified, on the law and the facts, by deleting the provision thereof dismissing the second cause of action to recover damages for trespass and wrongful eviction insofar as asserted against the defendants Robert J. Duncan and Shirley T. Duncan and substituting therefor a provision granting judgment on the issue of liability on that cause of action against the defendants Robert J. Duncan and Shirley T. Duncan; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings in accordance herewith.

On an appeal from a judgment rendered after a nonjury trial, this Court may review the record as a whole and grant the judgment warranted by the facts (see *Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *Ancewicz v Western Suffolk BOCES,* 282 AD2d 632 [2001]). The evidence at trial established that the plaintiff closed its bagel store in East Hampton in October 1997, but did not surrender its lease or the keys to the premises. The electricity remained on and the plaintiff left its equipment in the store. Further, the plaintiff paid rent arrears of $7,000 only six weeks before closing its store, and was in the process of negotiating a sale of its business that included the leasehold. The evidence demonstrated that the plaintiff did not abandon the premises and that it was wrongfully evicted by the respondents' re-entry (see *East Hampton Flight Servs. v Town of E. Hampton,* 262 AD2d 273 [1999]; *Lyke v Anderson,* 147 AD2d 18, 24-26 [1989]).

Further, although "[a] landlord may peaceably re-enter commercial premises and regain possession pursuant to a right reserved in the lease if the tenant breaches its obligation to pay rent" (*Bozewicz v Nash Metalware Co.,* 284 AD2d 288 [2001]), the landlord must first make a demand for the rent (see *Kepo, Inc. v Romano,* 85 AD2d 621 [1981]; *Earl v Nalley,* 273 App Div 451 [1948]; *Pine Hill Assoc. v Malveaux,* 93 Misc 2d 63, 64 [1978]). Here, the respondents did not make a demand for the rent before re-entering and re-letting the premises. Because

wrongful eviction is also a trespass (*see Long Is. Airports Limousine Serv. Corp. v Northwest Airlines,* 124 AD2d 711, 714 [1986]), the plaintiff was entitled to judgment on the issue of liability on its second cause of action which sought to recover damages for wrongful eviction and trespass. Accordingly, we remit the matter to the Supreme Court, Suffolk County, for further proceedings on the issue of damages.

However, the plaintiff failed to establish that the respondents tortiously interfered with its prospective contract for the sale of its business and leasehold, as there was no proof that they re-let the premises to the prospective purchasers solely to injure the plaintiff or that they used "wrongful means," such as, for example, physical violence or fraud, in doing so (*NBT Bancorp v Fleet/Norstar Fin. Group,* 87 NY2d 614, 624 [1996]; *see EDP Hosp. Computer Sys. v Bronx-Lebanon Hosp. Ctr.,* 212 AD2d 570, 571 [1995]). Altman, J.P., Smith, S. Miller and Crane, JJ., concur.