■ In the Matter of GA YOUNG LEE, Formerly Known as GA YOUNG CHON, et al., Respondents-Appellants, v CHARL-HO PARK, Appellant-Respondent. [793 NYS2d 214]—

Kane, J. Cross appeals from an order and judgment of the Supreme Court (Mulvey, J.), entered December 23, 2003 in Tompkins County, which, partially granted petitioners' application, in a proceeding pursuant to RPAPL article 7, to, inter alia, recover possession of certain real property.

Petitioners entered into an agreement to purchase a gasoline station/convenience store business from respondent. The parties simultaneously entered into a lease agreement for the building and land where the business operated. Petitioners operated the

business without problems from May 1998 until September 2001, regularly paying respondent his monthly rent and the amount owed under a promissory note. In October 2001, petitioners experienced financial problems and were unable to pay bills after one of them gambled away business money at the Turning Stone Casino. In an effort to obtain money to support the business, petitioners traveled to New York City several times, leaving employees in charge of the store. The October 2001 rent and note payment check was returned for insufficient funds.

Noting the mismanagement of the store in petitioners' absence, the inability to contact petitioners and the obvious financial problems, respondent obtained the business keys from petitioners' employee and affixed a padlocked chain to the store on October 12, 2001. That same day, he sent a three-day notice by certified mail and allegedly posted copies on petitioners' home and business. A few days later, after receiving the notice, petitioners met with respondent and reached an agreement to pay the owed rent, taxes and insurance by the end of the month. At the end of the month, petitioners offered to pay the October rent, taxes and insurance, but when respondent for the first time demanded that they pay a gasoline supplier's bill and the November 2001 rent at that time, they refused to make those extra payments. Respondent refused to take any money, claiming that petitioners were too late, and began running the business himself.

Petitioners commenced this summary proceeding to recover possession of the premises and monetary damages. Supreme Court ruled, on motions for summary judgment, that there was no valid termination of the lease and respondent is liable for conversion of petitioners' equipment and inventory. Following a nonjury trial, the court awarded petitioners possession of the premises and monetary damages consisting of lost profits, conversion of inventory and interest. Both parties appeal.

Respondent failed to prove that petitioners intended to abandon the premises or business. While petitioners were away from the business, they were actively seeking to obtain loans from friends and relatives in an attempt to pay business bills and save the business. Their failure to pay the bills, including utility and vendor bills, was not an indication of abandonment but a financial crisis that they were trying to resolve. The surrender of keys, while sometimes evidence of abandonment (*see Sam & Mary Hous. Corp. v Jo/Sal Mkt. Corp.*, 121 Misc 2d 434, 441 [1983], *mod* 100 AD2d 901 [1984], *affd* 64 NY2d 1107 [1985]), did not weigh on petitioners' intent as the keys were

turned over by an employee without their knowledge. The proof demonstrates that petitioners had no intent to abandon the premises or their business.

Respondent also failed to establish a right to reenter the premises as he did. While a landlord may avail himself or herself of a lease provision permitting reentry upon breach of conditions as long as he or she reenters peaceably (see *Matter of Jovana Spaghetti House v Heritage Co. of Massena*, 189 AD2d 1041, 1042 [1993]), "the landlord must first make a demand for the rent" (*North Main St. Bagel Corp. v Duncan*, 6 AD3d 590, 591 [2004]). Although article 20 of the parties' lease permitted respondent to enter and repossess the premises upon petitioners' default, here respondent chained the store doors the same day he mailed and posted the three-day notice. Respondent was not authorized to reenter before demanding the rent. Respondent likewise breached his agreement to defer certain payments to the end of October 2001 when he refused to accept tendered payments and continued his unlawful possession of the leased premises.

Supreme Court was not required to consider the security agreement securing payment of the promissory note because that agreement was not mentioned in the pleadings. Although a court can conform the pleadings to the proof (see CPLR 3025 [c]), respondent never moved for such relief and we will not entertain such a request for the first time on appeal.

Supreme Court properly awarded petitioners lost profits. Lost profits may be recovered if they were caused by the contract breach, the alleged loss can be proven with reasonable certainty and they were within the contemplation of the parties at the time the contract was made (see *Ashland Mgt. v Janien*, 82 NY2d 395, 404 [1993]). Respondent only contends that petitioners' profits were not established with reasonable certainty. Petitioners' tax returns and accountant's testimony established their prior profits, which provided a basis for discerning future profits without undue speculation (see *id.* at 403). The court's reduction of the amount testified to by the accountant adequately adjusted for petitioner's financial setbacks.

Petitioners' cross appeal deals only with Supreme Court's denial of treble damages. RPAPL 853 provides that "[i]f a person is disseized, ejected, or put out of real property in a forcible or unlawful manner, or . . . is held and kept out by force or by putting him in fear of personal violence or by unlawful means, he is entitled to recover treble damages in an action therefor against the wrong-doer." Considering the Legislature's amendment of the statute to include evictions undertaken in an

"unlawful manner" in addition to those executed by force, treble damages can be sustained without a showing of physical force or violence in ejecting the tenant (*see O'Hara v Bishop*, 256 AD2d 983, 984 [1998]; *Lyke v Anderson*, 147 AD2d 18, 24 [1989]). Contrary to petitioners' argument, however, a grant of treble damages is permissive rather than mandatory (*see Lyke v Anderson, supra* at 26-28). Based on respondent's apparent good faith in chaining the door to keep out people who were unauthorized to enter the store, petitioners' apparent acquiescence in this conduct and lease provisions which would have permitted respondent to reenter or terminate the lease had he given proper notice, we find that an award of treble damages would be inequitable here.

Mercure, J.P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the order and judgment is affirmed, without costs.