Order, Supreme Court, New York County (Ellen M. Coin, J.), entered May 30, 2013, which denied plaintiffs motion for a preliminary injunction, and granted defendant’s motion for a preliminary injunction enjoining plaintiff from closing access to its building and withholding utility services from defendant’s leased premises, unanimously modified, on the law and the facts and in the exercise of discretion, to modify the injunction granted to defendant so as to allow plaintiff to enter defendant’s premises to perform work on one of the building’s elevator shafts to accommodate an elevator cab compliant with the Americans with Disabilities Act (ADA), and otherwise affirmed, without costs. Order, same court and Justice, entered June 17, 2013, which, to the extent appealed from, set the amount of the undertaking for defendant’s preliminary injunction in the amount of $162,208.84, plus monthly use and occupancy of $16,320.84, and, in the event it is determined that defendant was not entitled to the injunction, all damages and costs which may be sustained by reason of the injunction, unanimously reversed, on the law, without costs, and the matter remanded for proceedings consistent herewith. Appeal from order, same court and Justice, entered June 4, 2013, which denied plaintiffs motion to modify the temporary restraining order, unanimously dismissed, without costs, as academic. Order, same court and Justice, *642 entered September 7, 2012, which, to the extent appealed from, denied defendant’s motion to renew the parties’ motions for preliminary injunctions, unanimously affirmed, without costs. Order and judgment (one paper), same court and Justice, entered September 4, 2013, which, to the extent appealed from, granted defendant’s motion for summary judgment dismissing plaintiff’s first and second causes of action and for summary judgment on defendant’s first counterclaim, and declared that “plaintiff is not entitled to engage in a self-help eviction of defendant absent court order,” unanimously affirmed, without costs.
In 1996, defendant BMS-PSO, LLC (the tenant) entered into a commercial lease for the 19th floor of an office building located at 1414 Avenue of the Americas. The initial lease term was 15 years and six days, and the tenant had the option to extend the lease for two additional five-year terms. The tenant, which operates an endodontic practice at the premises, exercised its first option and extended the lease to 2016, and intends to exercise the second option extending the lease to 2021.
In or about January 2011, plaintiff 1414 Holdings, LLC (the owner) purchased the building for the purpose of converting it into a hotel. Several days after acquiring the property, the owner provided the tenant with a notice of cancellation effective July 31, 2012, pursuant to article 86 of the lease. Article 86 grants the owner the right to cancel the lease if it intends to apply to the New York City Department of Buildings (DOB) for a permit to demolish “all or substantially all” of the building, and provides that if the owner cancels the lease and thereafter fails to obtain such DOB permit before the effective date of the cancellation, then the cancellation is void.
Approximately a month before the noticed lease cancellation date, the owner commenced this action seeking, inter alla, a preliminary injunction compelling the tenant to remove patient records from its premises. In its complaint, the owner indicated that, after the cancellation date, it intended to cut off public access to the building and withhold utilities from the tenant’s premises in order to perform the conversion work. The tenant moved for a preliminary injunction to stop the owner from using self-help to evict the tenant, and the motion court granted a temporary restraining order pending an evidentiary hearing. After the hearing, the court denied the owner’s motion and granted the tenant’s motion.
The motion court did not improvidently exercise its discretion in granting the tenant’s motion for a preliminary injunction. Based on the evidence presented at the hearing, the court cor *643 rectly concluded, at this early stage of the litigation, that the tenant would likely succeed in establishing that the owner did not obtain a DOB permit to demolish “all or substantially all” of the building before the effective date of the cancellation, which would render the cancellation notice void. The court also properly found that the remaining criteria for injunctive relief were satisfied (see Concourse Rehabilitation & Nursing Ctr., Inc. v Gracon Assoc., 64 AD3d 405 [1st Dept 2009]; A1 Entertainment LLC v 27th St. Prop. LLC, 60 AD3d 516 [1st Dept 2009]; Classic Bookshops [Intl.] v 48th Ams. Co., 140 AD2d 201 [1st Dept 1988]).
The court, however, should have modified the injunction so as to allow the owner to enter the tenant’s premises to perform work on one of the building’s elevator shafts to accommodate an elevator cab compliant with the ADA. The lease allows the owner to change the arrangement of the elevators in the building, and the elevator plans call for a de minimis encroachment 2 feet 4 inches wide by 7 feet 2 inches long, which constitutes only .44% of the tenant’s leased space (see generally Cut-Outs, Inc. v Man Yun Real Estate Corp., 286 AD2d 258 [1st Dept 2001], lv denied 100 NY2d 507 [2003]). In modifying the injunction, we conclude that the balance of the equities on this issue lies with the owner.*
The motion court properly granted the tenant’s motion for summary judgment seeking a declaration that the owner is not entitled to evict the tenant by self-help. A landlord may, under certain circumstances, use self-help to peaceably re-enter commercial premises and regain possession (see North Main St. Bagel Corp. v Duncan, 6 AD3d 590, 591 [2d Dept 2004]; Sol De Ibiza, LLC v Panjo Realty, Inc., 29 Misc 3d 72 (App Term, 1st Dept 2010]). This common-law right to re-enter, however, can only be exercised if the lease expressly reserves that right (Michaels v Fishel, 169 NY 381, 389 [1902]; see Arthur at the Westchester, Inc. v Westchester Mall, LLC, 104 AD3d 471, 472 [1st Dept 2013]). Here, the parties’ lease does not contain any specific provision allowing the owner to use self-help to evict the tenant. Contrary to the owner’s argument, the language in article 18 of the lease is not an express reservation of the right to re-enter.
The undertaking set by the motion court on the tenant’s preliminary injunction — in the amount of the tenant’s arrears and continuing use and occupancy — was not “rationally related to *644 the potential damages recoverable if the preliminary injunction is later determined to have been unwarranted” (Matter of Witham v vFinance Invs., Inc., 52 AD3d 403, 404 [1st Dept 2008]; CPLR 6312 [b]). The tenant would be required to pay these amounts independent of any preliminary injunction. Although the court’s order also provided that the tenant would be responsible for “all damages and costs which may be sustained by reason of [the] injunction,” it failed to set an undertaking to cover those potential damages.
We note that the posture of this litigation has changed since the motion court initially set the undertaking. By this decision, we have modified the injunction to permit the owner to enter the tenant’s space to work on the elevator, and we have affirmed the motion court’s judgment declaring that the owner is not entitled to engage in a self-help eviction. Accordingly, we remand the matter to determine what undertaking, if any, should be set on the tenant’s preliminary injunction. The court should also determine whether, pursuant to CPLR 6314, the owner should be required to post an undertaking as a result of our modification of the injunction.
Contrary to the tenant’s argument, the owner’s acceptance of a single rent check does not establish that the owner intended to relinquish its right to cancel the lease (see Metropolitan Ins. & Annuity Co. v Hartman, 11 Misc 3d 140[A], 2006 NY Slip Op 50665[U] [App Term, 1st Dept 2006]).
We have considered the owner’s remaining requests for affirmative relief and find them unavailing. Concur — Tom, J.P, Friedman, Acosta, Andrias and Richter, JJ. [Prior Case History: 2013 NY Slip Op 33112(U).]

 In light of our determination, the appeal from the court’s denial of the owner’s motion to modify the temporary restraining order is dismissed as academic.