Booston LLC v 35 W. Realty Co., LLC (2021 NY Slip Op 03277)





Booston LLC v 35 W. Realty Co., LLC


2021 NY Slip Op 03277


Decided on May 25, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 25, 2021

Before: Renwick, J.P., Webber, González, Scarpulla, JJ. 


Index No. 654308/19 Appeal No. 13903 Case No. 2020-04990 

[*1]Booston LLC, Plaintiff-Appellant,
v
35 West Realty Co., LLC, Defendant-Respondent.


David Rozenholc & Associates, New York (James B. Fishman of counsel), for appellant.
Rosenberg & Estis, P.C., New York (Warren A. Estis of counsel), for respondent.



Order, Supreme Court, New York County (O. Peter Sherwood, J.), entered December 27, 2020, which, to the extent appealed from as limited by the briefs, granted defendant landlord's motion to draw down on plaintiff tenant's security bond for past and future use and occupancy, unanimously reversed, on the law, without costs, the motion denied, and plaintiff is directed to pay ongoing use and occupancy at a rate of $49,515.39 per month while it remains in occupancy.
The subject bond was imposed on plaintiff for the specific purpose of protecting defendant from any liability claims while the parties litigated the merits, not for the payment of pendente lite use and occupancy (see 1414 Holdings, LLC v BMS-PSO, LLC, 116 AD3d 641, 643-644 [1st Dept 2014]). Thus, rather than directing plaintiff's surety to pay ongoing use and occupancy from the bond, the court should have granted defendant's alternative request to direct plaintiff to pay use and occupancy going forward in the amount of $49,515.39 per month while it remains in occupancy of the premises (see Gap, Inc. v 44-45 Broadway Leasing Co., LLC, 191 AD3d 549 [1st Dept 2021]).
The order to draw down on the bond for the alleged arrears in the payment of use and occupancy following the lifting of the stay pending appeal is tantamount to a grant of summary judgment to defendant on the ultimate relief sought in its counterclaim, despite the absence of a request for such relief in the motion and the fact that the claim has not been finally resolved. Although CPLR 6315 permits a party to recover damages sustained by the improper issuance of an injunction, the damages, if any, must await a determination on the merits (A & M Exports v Meridien Intl. Bank., 222 AD2d 378, 380 [1st Dept 1995]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2021