Patton v Modern Asian, Inc. (2022 NY Slip Op 05192)

Patton v Modern Asian, Inc.

2022 NY Slip Op 05192

Decided on September 15, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 15, 2022

534080
[*1]Martin P. Patton et al., Respondents,
v
Modern Asian, Inc., et al., Appellants.

Calendar Date:August 18, 2022

Before:Garry, P.J., Lynch, Aarons, Ceresia and Fisher, JJ.

Henrichsen Siegel, PLLC, New York City (Chiung-Hui Huang of counsel), for appellants.
Gozigian, Washburn & Clinton, Cooperstown (Edward Gozigian of counsel), for respondents.

Fisher, J.
Appeals (1) from an order of the Supreme Court (Brian D. Burns, J.), entered August 5, 2021 in Otsego County, upon a decision of the court in favor of plaintiffs, and (2) from the judgment entered thereon.
Plaintiffs entered into an agreement with defendant Modern Asian, Inc. to lease a premises to be used as a restaurant for a seven-year term, running from November 2014 through October 2021. The lease was personally guaranteed by defendant Jian Hua Chen and afforded plaintiffs the right to reenter in the event that defendants abandoned the premises. The lease further provided that defendants would be responsible for all unpaid rent should they abandon the premises before the end of the lease term.
In June 2018, plaintiffs believed that defendants — who were behind on rent — abandoned the property and, therefore, plaintiffs changed the locks on the building and began searching for a new tenant. Plaintiffs then commenced this action to recover damages for unpaid rent. In their answer, defendants denied abandoning the premises and asserted a counterclaim for unjust enrichment for the value of the personal property they were unable to retrieve after the locks were changed.[FN1] Following a bench trial, Supreme Court resolved conflicts in the testimony in favor of plaintiffs and found that defendants had abandoned the premises. The court determined that plaintiffs were owed the unpaid rent and that defendants were not entitled to any offset on their counterclaim because they failed to establish damages. A judgment was then entered against defendants in the amount of $76,567, which encompassed $60,635 for the unpaid rent plus interest thereon. Defendants appeal.
"In reviewing a nonjury verdict on appeal, this Court has broad authority to independently weigh the evidence and render a judgment warranted by the facts, while according due deference to the trial court's credibility assessments" (Specfin Mgt. LLC v Elhadidy, 201 AD3d 31, 39 [3d Dept 2021] [citation omitted]). As relating to commercial premises, "a landlord may avail himself or herself of a lease provision permitting reentry upon breach of conditions as long as he or she reenters peaceably" (Matter of Ga Young Lee v Charl-Ho Park, 16 AD3d 986, 988 [3d Dept 2005]; see North Main St. Bagel Corp. v Duncan, 6 AD3d 590, 591 [2d Dept 2004]). Certain evidence indicating abandonment may include failure to pay bills and rent, surrender of keys and physical relocation of business or personal items previously kept at the subject property (see Salem v US Bank N.A., 82 AD3d 865, 866 [2d Dept 2011]; Bozewicz v Nash Metalware Co., 284 AD2d 288, 288 [2d Dept 2001]; Ritz Entertainment Org. v Unity Gallega of U.S., 166 AD2d 186, 187 [1st Dept 1990]). Contrary conduct found not to demonstrate an intent to abandon a premises includes conduct such as leaving commercial equipment on the premises, paying the utilities, paying lump sum arrears, negotiating the sale of the business that included the leasehold and [*2]threatening to call the police on a landlord over a lockout (see Matter of Ga Young Lee v Charl-Ho Park, 16 AD3d at 987; North Main St. Bagel Corp. v Duncan, 6 AD3d at 591; Smart Coffee, Inc. v Sprauer, 71 Misc 3d 193, 200 [Civ Ct, Queens County 2021]).
At trial, plaintiffs offered limited evidence of abandonment, namely, that plaintiff Martin P. Patton drove by the restaurant several times in May 2018 or June 2018 and observed it was closed and that defendants were behind on rent, although Patton was not exactly sure what days or what times he drove by or the total amount of rent arrears. In contrast, Chen testified [FN2] that, although business was declining, he continued to pay the rent and began to contact potential buyers to take over the restaurant and lease. According to Chen, the restaurant operated the day before the lockout and, when he returned the next day to find the locks changed, he called plaintiffs, who did not respond to him, and then he called the police, who generated an incident report. Defendants entered into evidence several photographs of the premises depicting equipment, furniture, powered-on televisions, liquor bottles on display at the bar and other chattel owned by defendants, which Chen testified was a fair and accurate representation of the premises at the time the locks were changed.[FN3] Relating to a translated message that Chen sent to plaintiffs, he admitted that he told plaintiffs that he wanted to terminate the lease, but further explained that his intent behind the message was to see if plaintiffs were open to ending the lease early. Chen clarified that he would have continued to operate the business until he could find a buyer if plaintiffs rejected his offer. Although Supreme Court found Patton more credible than Chen, we find that the proof at trial does not support the finding that defendants abandoned the premises and their business (see Matter of Ga Young Lee v Charl-Ho Park, 16 AD3d at 987; North Main St. Bagel Corp. v Duncan, 6 AD3d at 591; Bozewicz v Nash Metalware Co., Inc., 284 AD2d at 288; Smart Coffee, Inc. v Sprauer, 71 Misc 3d at 200). Accordingly, even though the lease contains a reentry clause, plaintiffs did not follow the conditions set forth in this clause and were not permitted to engage in reentry of the premises (see 1414 Holdings, LLC v BMS-PSO, LLC, 116 AD3d 641, 643 [1st Dept 2014]; Matter of Ga Young Lee v Charl-Ho Park, 16 AD3d at 987; Bozewicz v Nash Metalware Co., Inc., 284 AD2d at 288).
Therefore, plaintiffs were not entitled to recover rent or late payment interest from the date of the lockout through October 2018. As it relates to rent arrears from January 2018 through to the date of the lockout, it was plaintiffs' burden to establish their damages resulting from defendants' breach of the lease agreement for nonpayment of rent (see McCarthy Concrete, Inc. v Banton Constr. Co., 203 AD3d 1496, 1499 [3d Dept 2022]).Our independent review of the evidence reveals that this burden was not [*3]satisfied (see Specfin Mgt. LLC v Elhadidy, 201 AD3d at 39; Galarneau v D'Andrea, 184 AD3d 1064, 1067 [3d Dept 2020]). Patton testified that he did not know the total amount of rent arrears and he did not present any admissible evidence to establish same. Although counsel attempted to refresh his recollection through the use of the complaint, Patton merely confirmed the total amount of damages being sought; he did not specify what portion, if any, was for arrears as opposed to rent that would have become due after the lockout through the end of the lease term. Accordingly, we reverse Supreme Court's determination that awarded plaintiffs the principal sum of $76,567 and vacate the judgment as to any damages awarded to plaintiffs (see McCarthy Concrete, Inc. v Banton Constr. Co., 203 AD3d at 1499).
Lastly, defendants have a valid counterclaim for unjust enrichment given that plaintiffs retained defendants' personal property following the improper lockout (see Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182 [2011]; He v Apple, Inc., 189 AD3d 1984, 1985-1986 [3d Dept 2020]). However, defendants failed to establish the monetary value of the personal property allegedly left behind or any other monetary damages as a result of the lockout (compare Matter of Ga Young Lee v Charl-Ho Park, 16 AD3d at 988), and we find no error with Supreme Court's denial of defendants' request for monetary damages and an award of treble damages (see RPAPL 853). The parties' remaining contentions, including defendants' request for return of the security deposit, which was not pleaded in the answer, have been examined and found to be lacking merit or rendered academic.
Garry, P.J., Lynch, Aarons and Ceresia, JJ., concur.
ORDERED that the order and judgment are modified, on the law and the facts, with costs to defendants, by vacating so much thereof as awarded plaintiffs the principal sum of $76,567, and, as so modified, affirmed.

Footnotes

Footnote 1: Defendants did not assert a counterclaim for return of the security deposit.

Footnote 2: The record reflects that there was a language barrier issue and Chen testified through the use of an interpreter. 

Footnote 3: Although plaintiffs offered a competing set of photographs suggesting that defendants had abandoned the premises, Supreme Court afforded them "no evidentiary value" because plaintiffs failed to establish that such photographs fairly and accurately depicted the interior of the restaurant prior to the lockout.